FINKELSTEIN & KRINSK LLP
Jeffrey R. Krinsk, Esq. (SBN 109234)
jrk@classactionlaw.com
Mark L. Knutson, Esq. (SBN 131770)
mlk@classactionlaw.com
William R. Restis, Esq. (SBN 246823)
wrr@classactionlaw.com
Trenton R. Kashima, Esq. (SBN 291405)
trk@classactionlaw.com
550 West C St., Suite 1760
San Diego, California 92101
Telephone: (619) 238-1333
Facsimile: (619) 238-5425

Attorneys for Plaintiffs
and the Putative Classes

[Additional Counsel Listed On Signature Page]

# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAYLA CLAY, ERICA EHRLICHMAN, and LOGAN REICHERT, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CYTOSPORT, INC., a California corporation,<br><br>Defendant. | Case No: 3:15-cv-00165-L-DHB<br><br>**AMENDED PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS**<br><br>**[No Oral Arguments]**<br><br>Date: December 14, 2015<br>Judge: M. James Lorenz<br>Ctrm: Courtroom 5B |

Defendant Cytosport, Inc. ("Defendant" or "Cytosport") has pled Twenty-Six "affirmative defenses" that are wholly deficient. Accordingly, Plaintiffs Chayla Clay, Erica Ehrlichman and Logan Reichert ("Plaintiffs") are entitled to judgment on the pleadings to the Affirmative Defenses (the "Defenses") pled in Defendant's Answer Plaintiffs' Class Action Complaint. *See* Dkt. No. 56 (Defendant's Answer").

## I. <u>INTRODUCTION</u>

Most of Defendant's Defenses are simply attacks on the elements of Plaintiffs' claims and are not "new matter," or were resolved in Plaintiffs' favor when the Court denied Defendant's motion to dismiss. *See Hernandez v. Cnty. of Monterey*, 306 F.R.D. 279, 283 (N.D. Cal. 2015) ("An affirmative defense, under the meaning of Federal Rule of Civil Procedure 8(c), is a defense that does not negate the elements of the plaintiff's claim, but instead precludes liability even if all of the elements of the plaintiff's claim are proven.") And *all* of Defendant's affirmative defenses are subject to judgment on the pleadings because they are wholly conclusory, lacking *any* factual support. *See Hernandez,* 306 F.R.D. at 284 ("[T]he burden is on the *defendant* to proffer sufficient facts and law to support an affirmative defense, and not on the plaintiff to gamble on interpreting an insufficient defense in the manner defendant intended. Just as a plaintiff's complaint must allege enough supporting facts to nudge a legal claim across the line separating plausibility from mere possibility, a defendant's pleading of affirmative defenses must put a plaintiff on notice of the underlying factual bases of the defense.") (emphasis in original, citing cases).

The Court should grant judgment on the pleadings to streamline this litigation, and spare Plaintiffs the burden and cost of going on *fishing expeditions* to identify the basis of Defendant's Defenses. *Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F.Supp.2d 1167, 1173 (N.D. Cal. 2010) ("If the court were to permit legally unsustainable affirmative defenses to survive, Barnes would be required to conduct expensive and potentially unnecessary and irrelevant discovery."); *Dodson v. Strategic Restaurants Acquisition Co. II, LLC*, 289 F.R.D. 595, 602 (E.D. Cal. 2013)

("If a defendant cannot articulate the reasons that affirmative defenses apply to a dispute, it is costly, wasteful, and unnecessary to force plaintiffs to conduct discovery into those defenses.")

## II. LEGAL STANDARD FOR JUDGMENT ON THE PLEADINGS

The standard for assessing a Rule 12(c) motion for judgment on the pleadings is the same as the standard for a Rule 12(b)(6) motion to dismiss. *Enron Oil Trading & Transp. Co. v. Walbrook Ins. Co., Ltd.,* 132 F.3d 526, 529 (9th Cir. 1997). A court should grant a motion for judgment on the pleadings only when the moving party is entitled to judgment as a matter of law. *Fajardo v. County of Los Angeles,* 179 F.3d 698, 699 (9th Cir. 1999) (citing *Merchants Home Delivery Serv., Inc. v. Hall & Co.*, 50 F.3d 1486,1488 (9th Cir. 1995)). However, the mere fact that a motion is couched in terms of Rule 12(c) does not prevent the district court from disposing of the motion by dismissal rather than judgment. *Sprint Telephony PCS, L.P. v. Cnty. of San Diego,* 311 F.Supp.2d 898, 903 (S.D. Cal. 2004) (citing *Amersbach v. City of Cleveland,* 598 F.2d 1033, 1038 (6th Cir. 1979)). Courts have discretion to grant Rule 12(c) motions with leave to amend. *In re Dynamic Random Access Memory Antitrust Litigation,* 516 F.Supp.2d 1072, 1084 (N.D. Cal. 2007). Courts also have discretion to grant dismissal on a 12(c) motion, in lieu of judgment, on any given claim. *Id.; see also Amersbach,* 598 F.2d at 1038; *Estate of Angel Lopez ex rel. Lopez v. Torres*, 2015 WL 6394174, at *3 (S.D. Cal. Oct. 21, 2015).

Although the Court must accept well-pleaded facts as true, it is not required to accept mere conclusory allegations or conclusions of law. *Protegrity USA, Inc. v. Netskope, Inc.*, 2015 WL 6126599, at *2 (N.D. Cal. Oct. 19, 2015) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009)). Thus, conclusory allegations and unwarranted inferences are insufficient to defeat a motion for judgment on the pleadings. *In re Syntex Corp. Sec. Litig.,* 95 F.3d 922, 926 (9th Cir. 1996); *In Re Verifone Sec. Litig.*, 11 F.3d 865,868 (9th Cir. 1993).

## III. PLAINTIFF IS ENTITLED TO JUDGMENT ON THE PLEADINGS TO DEFENDANT'S AFFIRMATIVE DEFENSES

### A. DEFENDANT PLED "NEGATIVE DEFENSES" NOT "NEW MATTER"

More than half of Defendant's Defenses are not affirmative defenses at all, but instead challenges to Plaintiffs' *prima facie* case. "A defense which demonstrates that plaintiff has not met its burden of proof [as to an element plaintiff is required to prove] is not an affirmative defense." *Zivkovic v. S. California Edison Co.,* 302 F.3d 1080, 1088 (9th Cir. 2002). Such a defense is merely rebuttal against the evidence presented by the plaintiff. On the other hand, "[a]n affirmative defense, under the meaning of Fed. R. Civ. P. 8(c), is a defense that does not negate the elements of the plaintiff's claim, but instead precludes liability even if all of the elements of the plaintiff's claim are proven." *Roberge v. Hannah \*1174 Marine Corp.,* 1997 WL 468330, at \*3 (6th Cir. 1997). It is a defense on which the defendant has the burden of proof. *See, e.g., Kanne v. Connecticut Gen. Life Ins. Co.,* 867 F.2d 489, 492 n. 4 (9th Cir. 1988); *Barnes*, 718 F.Supp.2d at 1174 ("To the extent that [defendant] restates negative defenses that exist in other parts of the complaint, those defenses are redundant pursuant to Rule 12(f) and should be struck so as to simplify and streamline the litigation.") citing *Federal Trade Comm'n v. Think All Pub. L.L.C.,* 564 F.Supp.2d 663, 665 (E.D. Tex. 2008).

Here, the following "Defenses" pled by Defendant in its answer are not "new matter' at all:

- First, "Failure to State a Claim";
- Fifth "Complaint Uncertain, Vague, and Ambiguous";
- Sixth, "Failure to Plead Fraud / Misrepresentations with Particularity";
- Seventh, "No Causation";
- Eighth, "Failure to Make Reasonable Efforts to Minimize Loss or Mitigate Damages";
- Ninth, "No Injury or Damage";

- Tenth, "Damages Unavailable"[1];
- Eleventh, "Conduct Not Knowingly Untrue or Misleading";
- Twelfth, "Conduct Not Fraudulent or Misleading";
- Sixteenth, "No Reliance";
- Seventeenth, "Full Performance of Any Duties";
- Eighteenth, "Equitable Relief – Remedies";[2]
- Twentieth, "Lack of Personal Jurisdiction over Absent Members of the Class";[3]
- Twenty-Fourth, "No Warranties"; and
- Twenty-Seventh, "Further Defenses".

*See generally,* Defendant's Answer [Dkt. No. 56]. At best, these "Defenses" are merely attacks on Plaintiff's case in chief and not independent facts, that if true, would preclude recovery. *See Hernandez*, 306 F.R.D. at 289 ("Affirmative defenses admit allegations in the complaint, but assert additional facts that would defeat recovery. By contrast, defenses that negate an element of the plaintiffs' proof are not affirmative defenses because they serve only to controvert an element of the plaintiffs' *prima facie* case."); *see also Nguyen v. HOVG, LLC*, 2014 WL 5361935, at *1 (S.D. Cal. Oct. 20, 2014) (Moskowitz J.) (striking failure to state a claim, no violation of statute, good

---

[1] Plaintiffs did not seek damages under Cal. Bus. & Prof. Code §§ 17200, *et seq.*, 17500, *et seq.*, but only restitution. Compliant [Dkt. No. 1], ¶¶ 68, 90, 98, 103. To the extent Defendant claims that damages are not available under Plaintiff's other causes of action, such determinations are not an affirmative defense.

[2] Defendant's Eighteenth Defense "Equitable Relief – Remedies" states "Plaintiffs and the purported class are barred from asserting the claims for equitable relief … because they have not suffered any irreparable injury, have adequate remedies at law and/or the equitable relief is neither necessary nor proper under applicable law." Answer [Dkt. No. 56], at p. 22, ¶ 165.

[3] A Court can exercise "personal jurisdiction over an absent class member if (1) the absent class member was given notice of the class action, including an opportunity to opt out and to object to any settlement, and (2) "the named plaintiff at all times adequately represent[ed] the interests of the absent class members." *In re Chase Bank USA, N.A. Check Loan Contract Litig.*, 2013 WL 772714, at *3 (N.D. Cal. Feb. 28, 2013) *citing Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 811–12 (1985). Thus, Cytosport's Twentieth Defense is redundant of issues to be decided at class certification and would not independently bar Plaintiffs' claims.

faith, limitation of damages, lack of proximate causation, damage caused by third parties, contributory negligence, failure to mitigate, and reservation of right to allege additional affirmative defenses, as "not actual affirmative defenses"); *Boldstar Tech., LLC v. Home Depot, Inc.,* 517 F.Supp.2d 1283, 1292 (S.D. Fla. 2007) ("Failure to state a claim is a defect in the plaintiff's claim; it is not an additional set of facts that bars recovery notwithstanding the plaintiff's valid prima facie case. Therefore, it is not properly asserted as an affirmative defense.").

### B. THE DEFENSES ARE WHOLLY CONCLUSORY

The pleading of an affirmative defense is governed by FED. R. CIV. P. 8. *Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1171 (N.D. Cal. 2010); *Hernandez,* at 283. Rule 8(c) specifically addresses affirmative defenses and requires that a party "affirmatively state any avoidance or affirmative defense" in the responsive pleading. FED. R. CIV. P. 8(c)(1).

A defendant must accordingly comply with Rule 8's requirement of a "short and plain" statement to give the opposing party fair notice of the defense and the grounds upon which it rests. *Barnes,* at 1171 citing *Wyshak v. City Nat'l Bank,* 607 F.2d 824, 827 (9th Cir.1979) ("The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense.") "To meet this requirement, each affirmative defense must be supported by factual allegations." *Dodson v. Strategic Restaurants Acquisition Co. II, LLC*, 289 F.R.D. 595, 603 (E.D. Cal. 2013) (*citing Ashcroft v. Iqubal,* 566 U.S. 662, 678 (2009)).

In the Ninth Circuit, affirmative defenses cannot be "conclusory" and must provide enough factual matter, accepted as true, to make the defense plausible on its face. *Barnes*, 718 F. Supp. 2d at 1172 (striking the affirmative defense because the defendant "fail[ed] to provide any facts, instead, just alleging that the affirmative defense exists"). Here, each of Defendant's Defenses (First through Twenty-Seventh) are completely conclusory, and leave Plaintiffs and the Court to guess whether Cytosport has any factual basis plead them. This does not meet the pleading standard

AMENDED MOTION FOR JUDGMENT ON THE PLEADINGS         Case No. 3:15-cv-00165-L-DHB

of providing Plaintiffs with fair notice.

Defendant's Second Defense, entitled "Laches, Estoppel, and/or Unclean Hands" merely states "Plaintiffs' claims, and those of the purported class, are barred, in whole or in part, by the doctrines of laches, estoppel and/or unclean hands." Answer [Dkt. No. 56], at p. 19, ¶ 149. Similarly, the Third Defense of "Waiver" summarily states that "Plaintiffs' claims, and those of the purported class, are barred, in whole or in part, by the doctrine of waiver." *Id.*, ¶ 150. No facts that would establish laches, estoppel, unclean hands or waiver were alleged. *See Couveau v. Am. Airlines, Inc.*, 218 F.3d 1078, 1083 (9th Cir. 2000) ("To establish laches a defendant must prove both an unreasonable delay by the plaintiff and prejudice to itself."); *Tejada v. Blas*, 196 Cal. App. 3d 1335, 1341 (1987) (Estoppel requires "statements or conduct . . . which lulls the [party] into a false sense of security resulting in inaction, and there is reasonable reliance, estoppel must be available to prevent defendant from profiting from his deception"); *Republic Molding Corp. v. B. W. Photo Utilities*, 319 F.2d 347, 349 (9th Cir. 1963) ("[M]isconduct in the abstract, unrelated to the claim to which it is asserted as a defense, does not constitute unclean hands."). This requires judgment in Plaintiffs' favor. *See Hernandez*, 306 F.R.D. at 285 (striking affirmative defense because it "fails to 'point to the existence of some identifiable fact that if applicable . . . would make the affirmative defense plausible on its face.'").[4]

The Fourth Defense, "Statutes of Limitations" alleges that "Plaintiffs' claims, and those of the purported class, are barred, in whole or in part, by the applicable statutes of limitations, including, but not limited to [statutes.]" *Id.,* ¶ 151. While

---

[4] Additionally, these "equitable defenses may not be used to defeat the cause of action under the UCL" and FAL. *Ticconi v. Blue Shield of Cal. Life & Health Ins. Co.*, 160 Cal. App. 4th 528, 544 (2008) (equitable defenses of fraud or unclean hands cannot defeat a UCL cause of action); *Cortez v. Purolator Air Filtration Products Co.,* 23 Cal. 4th 163, 179 (2000) ("equitable defenses may not be asserted to wholly defeat a UCL claim since such claims arise out of unlawful conduct."); *Page v. Bakersfield Uniform & Towel Supply Co.*, 239 Cal. App. 2d 762, 770 (1966) (It has long been the law that "[t]he equitable doctrine of the refusal of aid to anyone with 'unclean hands,' does not, as such, apply to actions under [the Unfair Practices] Act.").

AMENDED MOTION FOR JUDGMENT ON THE PLEADINGS　　　　　Case No. 3:15-cv-00165-L-DHB

Defendant states the legal basis for its defense, it does not provide Plaintiffs with any facts that would indicate the statutes cited would be triggered. *But see,* Complaint [Dkt. No. 1], ¶¶ 11-13 (Defendant fails to challenge the allegations that Plaintiffs purchased Defendant's products in the past four years); 52 (limited class to the past four years.) The same is true for Defendants' Twenty-First and Twenty-Second Defenses entitled "Safe Harbor/Compliance with Laws and Regulations" and "*Cel-Tech* Safe Harbor/Compliance with Laws and Regulations", respectively. While Defendant states that it has "complied, and continues to comply, with all federal, state and local laws, as well as all applicable orders, rules, statutes, regulations, and guidance issued and/or administered by all applicable federal, state and local government agencies", Cytosport fails to identify which laws and regulations it believes are applicable, or how it has complied with them. *Id.*, ¶¶ 168-69; *See also* Order Denying Defendant's Motion to Dismiss ("MTD Order") [Dkt. No. 53], pp. 7:2-8:22 ("Because Defendant fails to show that it is entitled to the safe harbor, the motion is DENIED.")

While Plaintiffs have provided exemplars to demonstrate Cytosport's lack of plausible facts supporting its Defenses, *each* of Defendant's 27 defenses are similarly deficient. For this reason, Plaintiffs are entitled to judgment on the pleadings.

### C. COMMERCIAL MISREPRESENTATIONS ARE NOT PROTECTED SPEECH

Defendant also assert that labelling statements made on its products' labeling are protected commercial speech pursuant to the United States Constitution, in addition to the California, Michigan, and Florida Constitutions. Nevertheless, Cytosport's constitutional defense fails as a matter of law. The First Amendment of the United States Constitution only protects commercial speech that is not unreasonably deceptive or objectively false. *Cent. Hudson Gas & Elec. Corp. v. Pub. Serv. Comm'n of New York*, 447 U.S. 557, 566 (1980) ("For commercial speech to come within that provision, it at least must concern lawful activity and not be

- 7 -

AMENDED MOTION FOR JUDGMENT ON THE PLEADINGS     Case No. 3:15-cv-00165-L-DHB

misleading."). Thus, to the extent that Defendant alleges that the challenged statements are an honest description of the products at issue, such attacks are levied at Plaintiffs' case in chief and are not an affirmative defense. *See Hernandez*, 306 F.R.D. at 289 ("[D]efenses that negate an element of the plaintiffs' proof are not affirmative defenses.").

Further, Defendant may not rely on any First Amendment protection to escape liability should the Court find that Defendant's misrepresentations are actionable under California, Michigan, and Florida consumer protection laws. *In re R.M.J.*, 455 U.S. 191, 203 (1982) (Commercial speech that is false or misleading is not entitled to First Amendment protection and "may be prohibited entirely."). "[T]here is no constitutional value in false statements of fact. Neither the intentional lie nor the careless error materially advances society's interest in 'uninhibited, robust, and wide-open' debate on public issues." *Gertz v. Robert Welch, Inc.,* 418 U.S. 323, 340 (1974) (quoting *New York Time Co. v. Sullivan,* 376 U.S. 254, 270 (1964)). For this reason, "[u]ntruthful speech, commercial or otherwise, has never been protected for its own sake" and the First Amendment does not preempt Plaintiffs' state law or warranty claims. *Virginia State Bd. of Pharmacy v. Virginia Citizens Consumer Council, Inc*., 425 U.S. 748, 771 (1976); *see also Edenfield v. Fane,* 507 U.S. 761, 768 (1993) (observing that "the State may ban commercial expression that is fraudulent or deceptive without further justification"); *Zauderer v. Office of Disciplinary Counsel,* 471 U.S. 626, 638 (1985) (observing that "[t]he States and the Federal Government are free to prevent the dissemination of commercial speech that is false, deceptive, or misleading"); *Bates v. State Bar of Arizona,* 433 U.S. 350, 383 (1977) (stating that "the leeway for untruthful or misleading expression that has been allowed in other contexts has little force in the commercial arena.").

Application of the Constitutions of California, Michigan, and Florida does not alter the Court's analysis. *People v. Superior Court*, 96 Cal.App.3d 181, 195 (1979) ("[T]here has been no pronouncement by our high court that the California

- 8 -
AMENDED MOTION FOR JUDGMENT ON THE PLEADINGS   Case No. 3:15-cv-00165-L-DHB

Constitution affords pure commercial speech greater protection than that accorded by the First Amendment."); *Dep't of Educ. v. Lewis*, 416 So. 2d 455, 461 (Fla. 1982) ("The scope of the protection accorded to freedom of expression in Florida under article I, section 4 is the same as is required under the First Amendment."); *In re Contempt of Dudzinski*, 257 Mich. App. 96, 100, 667 N.W.2d 68, 72 (2003) ("The rights of free speech under the Michigan and federal constitutions are coterminous. (Citation omitted). Therefore, federal authority construing the First Amendment may be considered in interpreting Michigan's guarantee of free speech.") Accordingly, Plaintiffs are entitled to judgment on the pleadings on Defendant's Thirteenth Defense.

### D. THE COURT HAS ALREADY ADJUDICATED SEVERAL OF CYTOSPORT'S PURPORTED DEFENSES

Cytosport raises a number of Defenses previously adjudicated in Plaintiffs' favor when the Court denied Defendant's motion to dismiss. This Court need not give Defendant a second chance to raise these redundant arguments. I*n re AST Research Sec. Litig.*, 1994 WL 722888, at *1 (C.D. Cal. Nov. 8, 1994) (striking affirmative defenses determined to be legally insufficient in the Court's prior ruling on defendant's motion to dismiss).

Defendant's First ("Failure to State a Claim"), Fifth ("Complaint Uncertain, Vague, and Ambiguous"), Sixth ("Failure to Plead Fraud/Misrepresentation with Particularity") Defense were necessarily decided by the Court in denying Cytosport's motion to dismiss. *See* MTD Order [Dkt. No. 53], pp. 4:26-10:24 (ruling that Plaintiffs' protein, L-glutamine, and fat content claims allege facts sufficient to support their causes of action); 12:26-13:14 (ruling that Plaintiffs adequately allege facts sufficient to state express warranty claims); *See also Hernandez*, 306 F.R.D. at 286 (striking affirmative defense because "[t]his court has already ruled that Plaintiffs have standing to pursue their claims.").

Additionally, the Court already considered and expressly rejected Defendant's

1 | Twenty-Fifth ("Preemption") and Twenty-Sixth ("Primary Jurisdiction") Defenses. MTD Order [Dkt. No. 53], pp. 4:14-10:24 (denying Defendant's preemption arguments); 10:26-11:21 (denying Defendant's primary jurisdiction doctrine arguments). *See also*, *Id.*, pp. 7:2-8:22 ("Because Defendant fails to show that it is entitled to the safe harbor, the motion is DENIED.") Defendant are not entitled to hinder this litigation and burden the Court by rehashing matters previously briefed and decided.

## IV. **CONCLUSION**

For all the foregoing reasons, Defendant answer has not provide any factual or legal foundation to support the "affirmative" defenses plead therein. Accordingly, Defendant's answer is ripe for adjudication at this stage of the adjudication and Plaintiffs' motion for partial judgment on the pleadings should be granted.

DATED: November 10, 2015

Respectfully submitted,

FINKELSTEIN & KRINSK LLP

By: /s/ Trenton R. Kashima
      Trenton R. Kashima

Jeffrey R. Krinsk
Mark L. Knutson
Trenton R. Kashima
William R. Restis, Esq.
550 West C St., Suite 1760
San Diego, CA 92101-3593
Telephone: (619) 238-1333
Facsimile:  (619) 238-5425

BARBAT, MANSOUR & SUCIU PLLC
Nick Suciu III, Esq. (*Pro Hac Vice*)
nicksuciu@bmslawyers.com
434 West Alexandrine #101
Detroit, MI 48201
Telephone: (313) 303-3472

SOMMERS SCHWARTZ P.C.
Jason J. Thompson, Esq. (*Pro Hac Vice*)
jthompson@sommerspc.com

- 10 -

AMENDED MOTION FOR JUDGMENT ON THE PLEADINGS     Case No. 3:15-cv-00165-L-DHB

| | |
|---|---|
| 1 | One Towne Square, 17th Floor |
| 2 | Southfield, MI 48076<br>Telephone: (248) 355-0300 |
| 3 | BRIGGS COLEGROVE P.C. |
| 4 | Sarah W. Colegrove, Esq. (*Pro Hac Vice Pending*) |
| 5 | sarahc@briggscolegrove.com<br>660 Woodward Ave., Suite 1523 |
| 6 | Detroit, MI 48226<br>Telephone: (313) 964-2077 |
| 7 | Attorneys for Plaintiffs |
| 8 | and the Putative Classes |