NEIL DYMOTT FRANK MCFALL & TREXLER, PLC
David P. Burke (State Bar. No. 200120)
DBurke@neil-dymott.com
1010 Second Avenue, Suite 2500
San Diego, CA 92101
Telephone:     619.238.1712
Facsimile:     619.238.1562

TUCKER ELLIS LLP
Matthew I. Kaplan - (State Bar. No. 177242)
matthew.kaplan@tuckerellis.com
515 South Flower Street
Forty-Second Floor
Los Angeles, CA 90071-2223
Telephone:     213.430.3400
Facsimile:     213.430.3409

FAEGRE BAKER DANIELS LLP
Sarah L. Brew, *admitted pro hac vice*
sarah.brew@faegrebd.com
Christine R. M. Kain, *admitted pro hac vice*
christine.kain@faegrebd.com
Lariss Maldonado, *pro hac vice pending*
lariss.maldonado@faegrebd.com
90 South Seventh Street, Suite 2200
Minneapolis, MN 55402-3901
Telephone:     612.766.7000
Facsimile:     612.766.1600

Attorneys for Defendant
CYTOSPORT, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAYLA CLAY, ERICA EHRLICHMAN, and LOGAN REICHERT, individually and on behalf of all others similarly situated,<br><br>　　　　　　Plaintiffs,<br><br>　v.<br><br>CYTOSPORT, INC., a California corporation,<br><br>　　　　　　Defendants. | Case No. 3:15-cv-00165-L-DHB<br><br>DEFENDANT CYTOSPORT, INC.'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' AMENDED MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS<br><br>**[No Oral Arguments]**<br><br>Date:　　December 14, 2015<br>Judge:　　M. James Lorenz<br>Ctrm:　　Courtroom 5B |

# I. INTRODUCTION

Plaintiffs' Motion for Partial Judgment on the Pleadings ("Motion") is a waste of the Court's time. Judgment on the merits of CytoSport's properly pleaded affirmative defenses, before discovery has even begun, is premature. But even if successful, eliminating CytoSport's affirmative defenses will not narrow the issues in the case, nor reduce the amount of discovery. The Motion serves no valid objective.

Plaintiffs' Motion fails for the following reasons, among others:

(1) CytoSport's affirmative defenses have merit and are properly pled;

(2) There are issues of fact that are outstanding, and without resolving those issues of fact, it is not possible to rule on the affirmative defenses;

(3) CytoSport has not yet had the opportunity to conduct the discovery necessary to further develop the arguments underlying its affirmative defenses;

(4) It is acceptable practice to plead affirmative defenses in order to ensure that the opposing party is on notice of the defense;

(5) Some of CytoSport's affirmative defenses are explicitly required to be pled, if at all, under Federal Rule of Civil Procedure 8(c)(1) and cannot be disregarded at this stage; and

(6) Even those defenses that may have been addressed in part in the Motion to Dismiss have not been exhausted and cannot be ruled on at this stage.

CytoSport's affirmative defenses were properly pled and, because significant facts are at issue, it is simply too soon to make a determination on their merit.

# II. LEGAL STANDARD

## A. Legal standard for judgment on the pleadings.

Plaintiffs' motion for judgment on CytoSport's affirmative defenses should be denied as premature. A motion for judgment on the pleadings may be brought under Federal Rule of Civil Procedure 12(c) only "after pleadings are closed—but early enough not to delay trial." It is appropriate to grant a motion for judgment on the pleadings

1

DEFENDANT CYTOSPORT, INC.'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' AMENDED MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS

1124409.1

"where it appears the moving party is entitled to judgment as a matter of law." *Geraci v. Homestreet Bank*, 347 F.3d 749, 751 (9th Cir. 2003). Movant must show that "even if all allegations in the [pleadings] are true, the moving party is entitled to judgment as a matter of law." *Westlands Water Dist. v. Firebaugh Canal*, 10 F.3d 667, 670 (9th Cir. 1993).

A motion for judgment on the pleadings addresses substantive claims, not limited affirmative defenses. It is "designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Herbert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990) (cited by *Hillbloom v. Cty. of Fresno*, No. CV F 07-1467LJO SMS, 2010 WL 3341922, at *2 (E.D. Cal. Aug. 23, 2010)). It is not proper to determine outstanding factual issues on a motion for judgment on the pleadings. *Carmen v. San Francisco Unified Sch. Dist.*, 982 F.Supp. 1396, 1408 (N.D. Cal. 1997), *aff'd*, 237 F.3d 1026, 1031 (9th Cir. 2001). Notably, "because affirmative defenses must be proved by the defendant, it is inappropriate to raise [affirmative defenses] on a motion to dismiss. Rather, the defenses [are] to be stated generally in the answer to the complaint, and then determined later on summary judgment or at trial." *Laverty v. Massad*, 661 F.Supp.2d 55, 62 (D. Mass. 2009).

### B. Legal standard for affirmative defenses.

There are two relevant inquiries in evaluating pleading of affirmative defenses: 1) whether something needs to be pled as an affirmative defense, and 2) whether it has been sufficiently pled. Federal Rule of Civil Procedure 8(c) requires responsive pleadings to include, where applicable, the defenses listed in the rule and "any other matter constituting an avoidance or affirmative defense." Fed.R.Civ.P. 8(c). The purpose of this rule is to give the opposing party notice of the defenses that are being put in issue and "so that he or she is prepared to properly litigate it." *Strategic Diversity Inc. v. Alchemix Corp.*, 2013 U.S. Dist. LEXIS 121102, *35 (D. Ariz. Aug. 26, 2013); *see e.g., Simmons v. Navajo Cty., Ariz.*, 609 F.3d 1011, 1023 (9th Cir. 2010); *Wyshak v. City Nat. Bank*, 607 F.2d 824, 827 (9th Cir. 1979).

Determining whether defenses must be pleaded affirmatively, rather than relying on what has been denied elsewhere in an Answer, is evaluated by considering whether the issue to be raised is apparent by logical inference from allegations in the complaint. *Hassan v. United States Postal Service*, 842 F.2d 260, 263 (11th Cir. 1988) (cited by *Sanderson-Cruz v. United States*, 88 F.Supp.2d 388, 391 (E.D. Penn. 2000)). This is a nuanced inquiry, and that is why defendants have good reason to err on the side of caution, including an affirmative defense even if it proves to be redundant. 5 Wright & Miller, Federal Practice and Procedure § 1271 (3d ed.). However, even if a defense is not affirmatively raised, it may be included as part of a denial.

On the second relevant inquiry, "determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." *Wyshak*, 607 F.2d at 827 (quoting and applying *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). This requires only "a short and plain statement of the claim," that gives fair notice "and the grounds upon which [the claim] rests." *Id.*

The Southern District of California has explicitly "decline[d] to extend the *Twombly/Iqbal* pleading standards to affirmative defenses." *Kohler v. Islands Restaurants, LP*, 280 F.R.D. 560, 566 (S.D. Cal. 2012). "The Ninth Circuit has continued to recognize the "fair notice" standard of affirmative defense pleading even after *Twombly* and *Iqbal*." *Kohler*, 280 F.R.D. at 566 (citing *Simmons v. Navajo*, 609 F.3d 1011, 1023 (9th Cir. 2010)). Thus, only a "short and plain" statement of the affirmative defense is required under Federal Rule of Civil Procedure 8(b)(1)(A).

## III. ARGUMENT

### A. CytoSport's affirmative defenses are not ripe for judgment on the pleadings; they have merit and are properly pled.

The parties disagree, of course, on a number of substantive issues of fact, and the viability of Plaintiffs' claims, as well as CytoSport's defenses, turn on those contested facts. A motion for judgment on the pleadings should be granted only where, based on the pleadings as a whole, it is apparent that the movant is entitled to judgment as a matter

of law. *Geraci*, 347 F.3d at 751. That is far from the case here. As noted above, affirmative defenses need to include only a "short and plain" statement of the defense. Fed.R.Civ.P. 8(b)(1)(A); *Kohler*, 280 F.R.D. at 566. CytoSport has properly plead its affirmative defenses.

### B. There are significant outstanding issues of fact relevant to the affirmative defenses.

Plaintiffs' claims are based on allegations that the labels for the products at issue are misleading. For instance, Plaintiffs claim that the ready-to-drink ("RTD") Products contain less protein than labeled. This allegation is based on results posted by an Internet startup company called LabDoor.com and unidentified "other testing."[1] (Dkt. 1, ¶¶ 17-21, 36-44.) Plaintiffs' Complaint is founded solely on the assumption that the LabDoor.com testing is accurate and employed valid methodology.[2] (Dkt. 1, ¶¶ 17-21, 36-44.) Plaintiffs do not allege—and the Labdoor.com website does not state—that LabDoor.com (a) utilized the FDA-required sampling methodology (involving twelve subsamples) identified in the regulations; and (b) utilized an accurate analytical methodology identified in the regulations for calculating protein content.

However, CytoSport is confident that the RTD products contain the claimed amount of protein. In reviewing LabDoor.com's analysis, CytoSport notes that LabDoor.com erroneously assumed that the density of the RTD products was 0.9 g/mL, based upon its "[c]rude laboratory experiments" on the "typical protein shake." This is likely the reason that LabDoor.com's test results consistently under-report protein content – not just on CytoSport's products, but many of the other industry-leading ready-to-drink

---

[1] For ease of reference, the LabDoor.com testing and the "other testing" is referred to simply as "LabDoor testing," unless otherwise noted.

[2] LabDoor itself admits that at least some of its methodology is "crude." *See* Dkt. 24, Exhibit D, LabDoor CytoSport Muscle Milk RTD Report at 2 ("Note: Conversion from a metric of volume to one of mass required an estimation of density. *Crude laboratory experiments* indicated that the typical protein shake has a density of 0.9 g/mL, less than that of water (density of 1.0 g/mL)).")

protein products. While CytoSport has offered Plaintiffs a Protein Testing Protocol to test preserved samples of the Products at issue, this discovery has not yet been completed. The actual protein content of the RTD products is actively contested by both parties. This fact is at the center of Plaintiffs' claims. It is also the basis for many of CytoSport's affirmative defenses, including, for example, its ninth defense (No Injury or Damage) because CytoSport believes that Plaintiffs did receive the protein that was represented; its twelfth defense (Conduct Not Fraudulent or Misleading) because the product contained what was represented; and seventeenth defense (Full Performance of Any Duties), because CytoSport did provide the amount of protein represented. The claims and affirmative defenses cannot be resolved without determining this issue of fact. Thus Plaintiffs are not entitled to judgment as a matter of law on this issue or related affirmative defenses.

Plaintiffs' Motion for Judgment on the Pleadings must fail, given these – and many other – significant contested issues of fact on which the claims and defenses depend.

### C. CytoSport's affirmative defenses are not conclusory, but require development that is not possible without discovery.

Plaintiffs claim CytoSport's affirmative defenses are conclusory because they lack factual support. Dkt. 68-1, Motion, 1. With good reason; affirmative defenses only require a short and plain statement. Fed.R.Civ.P. 8(b)(1)(A). At this preliminary stage of litigation, the parties have not yet had an opportunity to engage in discovery to develop complete and detailed facts of the case. Without the facts it is impossible to assess the validity of Plaintiffs' claims, let alone CytoSport's affirmative defenses.

For example, with regard to the first defense, Failure to State a Claim, and fourth defense, Statute of Limitations, facts have not been uncovered to prove that Plaintiffs did in fact purchase the products they claim they did, or precisely when, though CytoSport does know that Plaintiffs did not actually purchase all of the products identified in their Complaint. Thus, depending on when and whether certain purchases were made, the statute of limitations may have run. Further, if the facts reveal that Plaintiffs did not

5

DEFENDANT CYTOSPORT, INC.'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' AMENDED MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS
1124409.1

actually purchase the products, they have failed to state a claim. With regard to the sixteenth defense, No Reliance, this affirmative defense cannot yet be resolved because it is not yet clear how or if Plaintiffs relied on which label statements. There are many possible reasons why Plaintiffs and the alleged class might have purchased the products, and it cannot be proven at this stage exactly why they bought the products or what they considered in making their purchases.

Likewise, in arguing that Affirmative Defense Thirteen, Commercial Speech Protection, is not applicable, Plaintiffs simply assume that CytoSport's label statements were "unreasonably deceptive or objectively false." Dkt. 68-1, Motion, 7 (citing *Cent. Hudson Gas & Elec. Corp. v. Pub. Serv. Comm'n of New York*, 447 U.S. 557, 566 (1980)). But once again, this conclusion is premature and goes to the heart of the disputed facts underlying this litigation. The parties disagree on whether CytoSport made statements that were "unreasonably deceptive or objectively false." Dkt. 68-1, Motion, 7. Those facts cannot be resolved by this Court without discovery, and thus Plaintiffs cannot now defeat CytoSport's affirmative defense for Commercial Speech Protection.

None of the affirmative defenses can be resolved without further investigation into the facts of the case. CytoSport must be given the opportunity to develop its case and defenses.

### D. Affirmative defenses may be pled, even if redundant, to ensure adequate notice.

Plaintiffs claim that affirmative defenses require "new matter." The concept of "new matter," which they fail to define, is not only not an element or requirement, but it is not part of the cases to which they cite. The purpose of alleging affirmative defenses under the Federal Rules of Civil Procedure is to put the opposing party on notice of the defense. *Wyshak*, 607 F.2d at 827. While some of CytoSport's defenses may already be preserved under the scope of its denials, it included them as affirmative defenses to ensure that Plaintiffs are on notice of those defenses. Determining whether defenses must be pled affirmatively versus what is included in denials is evaluated by considering

6

DEFENDANT CYTOSPORT, INC.'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' AMENDED MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS

1124409.1

whether the issue to be raised is apparent by logical inference from allegation in the complaint. *Hassan*, 842 F.2d at 263. In order to be sure that plaintiffs are on notice, defendants will include affirmative defenses even when it proves to be redundant. 5 Wright & Miller, Federal Practice and Procedure § 1271 (3d ed.). A defendant would not typically be "penalized for exercising caution in this fashion even when affirmative pleading proves to be unnecessary." *Id.*

A number of affirmative defenses that Plaintiffs claim are somehow deficient fall within this area. They may arise logically from the Complaint, and not need to be pled as affirmative defenses, but CytoSport has pled them to ensure there is irrefutable notice to Plaintiffs. Those include the following defenses: seventh, No Causation; ninth, No Injury or Damage; tenth, Damages Unavailable; eleventh, Conduct Not Knowingly Untrue or Misleading; twelfth, Conduct Not Fraudulent or Misleading; fourteenth, No Standing- No Injury in Fact or Loss of Money or Property; fifteenth, No Reliance; sixteenth, Full Performance of Any Duties; and twenty-fourth, No Warranties. Defendant should not be punished for making these defenses clear by including them as affirmative defenses. This is especially true because there is no harm or detrimental effect to Plaintiffs by the potentially overlapping nature of CytoSport's defenses.

E. **A number of CytoSport's affirmative defenses must be affirmatively raised under the Federal Rules.**

On the other hand, some of the affirmative defenses that Plaintiffs contest are explicitly required to be pled as affirmative defenses under Federal Rule of Civil Procedure 8(c)(1). These included the second (Laches, Estoppel, and/or Unclean Hands); third (Waiver); and fourth affirmative defenses (Statutes of Limitations). Again, these require only a "short and plain" statement, as reflected in CytoSport's Answer.

It has long been held that where a party does not explicitly plead those affirmative defenses listed under Federal Rule of Civil Procedure 8(c), the party waives the defense and it is excluded from the case. *Wood v. Milyard*, 132 S. Ct. 1826, 1832 (2012); *Morrison v. Mahoney*, 399 F.3d 1042, 1046 (9th Cir. 2005). Had CytoSport failed to

7

plead these affirmative defenses, it would have waived them. Because CytoSport cannot know all of the facts of the case which are at issue, it must plead the defenses in anticipation of what facts may be developed during discovery. For example, it could not know precisely when the Plaintiffs incurred their alleged damages without discovery on the matter, and must therefore plead Statutes of Limitations to preserve the defense.

Thus, CytoSport had a basis for pleading the second, third, and fourth affirmative defenses, and did so to ensure that they were not waived. These defenses cannot be decided based solely on the pleadings.

### F. CytoSport's affirmative defenses, including those raised in the Motion to Dismiss, are not exhausted.

Plaintiffs object to CytoSport's First (Failure to State a Claim), Fifth (Complaint Uncertain, Vague, and Ambiguous), Sixth (Failure to Plead Fraud/Misrepresentation with Particularity), Twenty-Fifth (Preemption) and Twenty-Sixth (Primary Jurisdiction) defenses, arguing that the Court has already ruled on them in the course of the Motion to Dismiss. While the Court denied CytoSport's Motion to Dismiss, it concluded only that the Plaintiffs' *pleading* of certain claims was sufficient—not that Plaintiffs were entitled to judgment on those claims or that CytoSport could not ultimately prevail on its affirmative defenses. Dkt. 53, Order Denying Mot. To Dismiss, 13. The Court's order denying CytoSport's motion to dismiss therefore is not a valid basis for ruling on or striking CytoSport's affirmative defenses.

Further, there are many aspects of these defenses that may develop or gain further support through the course of discovery.

Following are examples where the Court left issues open for determination in its Order Denying Motion to Dismiss:

- With regard to the appropriate testing standard to be applied to the products at issue, Plaintiffs ignored that "the Court agrees with Defendant that [the methodology mandated by the FDA under § 101.9(g)] is the standard that the FDA holds [CytoSport] to." Dkt. 53, Order Denying Mot. To Dismiss, 6. The Court

8

specifically charged Plaintiffs with proving "that [CytoSport] did not comply with the FDCA provisions." *Id.* Surviving on the pleadings only demonstrated "a plausible violation of the FDCA." *Id.* If Plaintiffs ultimately fail to prove that FDCA violation, then their claims will be preempted.

- With regard to CytoSport's argument that even under the flawed testing advanced by Plaintiffs, the products at issue still fell under the "safe harbor" tolerances, the Court did not overrule the application of the safe harbor, but proposed that CytoSport needed to make a more thorough argument that these were Class II nutrients. Dkt. 53, Order Denying Mot. To Dismiss, 7. Again, the issue remains open and is not ripe for dismissal at this stage.

- With regard to the L-glutamine claim, the Court found that if consumers are misled by the difference between unbonded and bonded L-glutamine, they may have a claim under 21 U.S.C. § 343(a)(1). Dkt. 53, Order Denying Mot. To Dismiss, 8. To the extent they were not misled, Plaintiffs will have failed to state a claim.

CytoSport sought dismissal of certain claims in the Complaint, and the Court disagreed that those claims warranted dismissal at an early stage without factual development. However, the Court did not rule that Plaintiffs would prevail on those claims or that *all* potential challenges to Plaintiffs' Complaint related to the defenses in question would fail beyond the initial motion to dismiss stage. Those broader questions were not before the Court, and Plaintiffs cannot credibly assert that the Court intended to protect the Complaint from all future challenges. There is a range of facts that may come up in the course of discovery that would raise new arguments under these affirmative defenses. For example, it may turn out that the Plaintiffs did not actually purchase any of the products. That would be failure to state a claim.

## IV. CONCLUSION

Plaintiffs cannot credibly argue that there are no outstanding issues of fact to resolve in this case, when facts have yet to be revealed through discovery. While it is

9

DEFENDANT CYTOSPORT, INC.'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' AMENDED MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS
1124409.1

unclear what Plaintiffs thought they could gain through this premature motion for judgment on CytoSport's affirmative defenses, they have accomplished only the waste of the parties' and the Court's time. CytoSport has more than met its burden for pleading affirmative defenses, and none of the affirmative defenses should be ruled upon before discovery ensues.

DATED: November 30, 2015

TUCKER ELLIS LLP

By: /s/ Matthew I. Kaplan
Matthew I. Kaplan
matthew.kaplan@tuckerellis.com
Attorneys for Defendant
CYTOSPORT, INC.

DATED: November 30, 2015

FAEGRE BAKER DANIELS LLP

By: /s/ Sarah L. Brew
Sarah L. Brew
sarah.brew@FaegreBD.com
Attorneys for Defendant
CYTOSPORT, INC.

## SIGNATURE CERTIFICATION

Pursuant to Section 2(f)(4) of the Electronic Case Filing Administrative Policies and Procedures Manual, I hereby certify that the content of this document is acceptable to Sarah L. Brew, counsel for Defendant, and that I have obtained Ms. Brew's authorization to affix her electronic signature to this document.

DATED: November 30, 2015

TUCKER ELLIS LLP

By: /s/ Matthew I. Kaplan
Matthew I. Kaplan
matthew.kaplan@tuckerellis.com
Attorneys for Defendant
CYTOSPORT, INC.

# CERTIFICATE OF SERVICE

This Certificate of Service is made in compliance with Local Rule 5.1.2 and Civ.R. 5(b). I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 515 South Flower Street Forty-Second Floor, Los Angeles, CA 90071-2223.

On the date indicated below, a true and correct copy of the foregoing **DEFENDANT CYTOSPORT, INC.'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' AMENDED MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS** was filed with Court and served electronically and will be available for viewing and downloading from the Court's CM/ECF system. All other parties will be served by regular U.S. Mail.

( X ) **BY E-MAIL OR ELECTRONIC TRANSMISSION**: The Notice of Electronic Case Filing automatically generated by the system and sent to all parties entitled to service under the Federal Rules of Civil Procedure and the Local Rules of the Southern District of California who have consented to electronic service shall constitute service of the filed document to all such parties.

( X ) **BY MAIL:** By placing a true copy thereof enclosed in a sealed envelope(s) addressed as above, and placing each for collection and mailing on that date following ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the U.S. Postal Service in Los Angeles, California, in a sealed envelope with postage fully prepaid.

**BRIGGS COLEGROVE, P.C.**
**Sarah W. Colegrove, Esq.**
**660 Woodward Avenue**
**Suite 1523**
**Detroit, MI 48226**

( X ) **FEDERAL**: I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

I declare under penalty of perjury that I am employed in the office of a member admitted to practice before the District Court for the Southern District of California and ECF registered in this Court at whose direction the service was made and that the foregoing is true and correct.

Executed on November 30, 2015, at Los Angeles, California.

Britteena Stafford