UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAYLA CLAY *et al.*,<br><br>        Plaintiffs,<br>v.<br><br>CYTOSPORT, INC., a California corporation,<br><br>        Defendant. | Case No: 3:15-cv-00165-L- AGS<br><br>**ORDER REGARDING BRIEFING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION AND DEFENDANT'S SUMMARY JUDGMENT AND *DAUBERT* MOTIONS [Doc. no. 152]** |

This order supersedes the order filed November 17, 2016 (doc. no. 137).

In this putative consumer class action, the parties contacted the Court pursuant to Civil Local Rule 7.1 with requests for hearing dates. Plaintiffs intend to file a motion to certify a class action. On March 3, 2017, Defendant filed a motion for partial summary judgment. In addition, Defendant intends to file another summary judgment motion and a *Daubert* motion. They request a briefing schedule to accommodate orderly and efficient briefing.

The pending request warrants a context. Plaintiffs had previously filed a motion for class certification. Shortly thereafter he parties encountered discovery disputes. On September 21, 2016, Defendant filed an *ex parte* application, seeking to extend the time to file its opposition to the class certification motion and

continue the class certification schedule because it wanted discovery to respond to expert declarations filed in support of class certification, but the parties could not agree if Defendant was entitled to it. (Doc. no. 121.) The application was vehemently opposed. (Doc. no. 122.) Plaintiffs indicated that if Defendant was permitted to depose Plaintiffs' experts, then they wanted an opportunity to re-file their motion after the depositions. (Opp'n at 5 n.7.) Defendant filed an involved reply. (Doc. no. 123.) The Court referred the discovery dispute to the assigned Magistrate Judge, *see* 28 U.S.C. §636(b)(1)(A) & Civ. Loc. Rule 72.1(b), the hearing date for the class certification motion was vacated, Plaintiffs' class certification motion was denied without prejudice to accommodate their request to re-file after expert depositions, if any, and the parties were ordered to file a status report no later than five days after the Magistrate Judge's disposition of the discovery dispute. (Doc. no. 124.) On October 19, 2016, class certification discovery was reopened to allow Defendant to depose Plaintiffs' experts. (*See* doc. no. 128.) On November 16, 2016, the parties jointly requested a continuance of class certification deadlines and proposed a briefing schedule to allow more time for briefing. (*See* doc. no. 135.) Court largely granted the request, and set March 3, 2017 as the due date for Plaintiffs' renewed class certification motion. (*See* doc. no. 137.)

As the March 3 due date approached, Defendant expressed the intention to file summary judgment and *Daubert* motions. Defendant's pending summary judgment motion attacks named Plaintiffs' standing and the merits of some, but not all claims alleged. The Defendant intends to file another summary judgment motion relating to the claims asserted by Chris Roman, a putative class representative Plaintiffs intend to join.[1] Mr. Roman has been deposed, but his

---

1 On December 19, 2016, Plaintiffs filed a motion to intervene seeking to join Chris Roman as a putative class representative. Defendant agreed to not oppose the motion. (Doc. no. 143.) On January 9, 2017, the Court approved the stipulation. (Doc. no. 144.) Although the parties had apparently agreed, Plaintiffs

transcript has not been signed.  Defendant waits for Mr. Roman's signature and any corrections before filing the motion.  Finally, Defendant intends to file a *Daubert* motion to attack the experts who provided evidence in support of class certification.

Plaintiffs request that their class certification motion and Defendant's summary judgment motions be briefed concurrently rather than consecutively because Defendant's motions, even if granted, would not dispose of all the claims as to which class certification is sought, are relevant to viability of class certification, and are directly relevant to the adequacy and typicality elements of class certification.  *See* Fed. R. Civ. Proc. 23.  Plaintiffs object to Defendant filing a separate summary judgment motion as to Mr. Roman.  They argue that the issues Defendant intends to raise on summary judgment should be raised in opposition to class certification instead.

Defendant requests the Court to set a due date for Mr. Roman to sign his deposition transcript with corrections, if any.  It seeks leave to file the second summary judgment motion fourteen (14) days after receiving the signed transcript. Defendant offers to consolidate its pending and planned second summary judgment motions in one brief.[2]

In the interests of justice and in furtherance of orderly and efficient briefing of the pending and upcoming motions, **IT IS ORDERED** as follows:

1.  Plaintiffs shall file their class certification motion, if any, no later than **March 15, 2017**.

2.  No later than **March 15, 2017**, Plaintiffs shall serve Defendant with Mr. Roman's signed deposition transcript with corrections, as any.  In the absence of compliance with this Order, the transcript shall be deemed corrected and signed

---

to date have not filed an amended complaint naming Mr. Roman.

[2]   Neither party has addressed the issue whether there are any claims asserted by Mr. Roman at all, as Plaintiffs have not joined him to date.

by Mr. Roman in its present condition.

2. Defendant shall brief the issues raised in the pending summary judgment motion or planned to be raised in the proposed summary judgment and *Daubert* motions, if any, in the memorandum of points and authorities filed in opposition to Plaintiffs' motion for class certification, if any. The brief may be styled as a combined opposition, motion for summary adjudication, and *Daubert* motion, as appropriate in light of the requested relief. The brief shall not exceed 45 pages in length. Defendant's brief shall be filed no later than **April 5, 2017**.

3. Defendant's pending summary judgment motion (doc. no. 151) is **DENIED WITHOUT PREJUDICE** to including the same arguments and requests for relief in Defendant's opposition to Plaintiffs' class certification motion as provided herein.

4. No later than **April 26, 2017**, Plaintiffs shall file their reply in support of class certification and opposition to any summary judgment and/or *Daubert* motions Defendant joined with its opposition to class certification. The reply and opposition, if any, shall be briefed in one combined memorandum of points and authorities, which shall not exceed 35 pages in length.

5. No later than **May 3, 2017**, Defendant shall file a reply in support of its summary adjudication and/or *Daubert* motions. The brief shall not exceed 20 pages in length.

6. Upon filing the foregoing, the motions will be deemed submitted. There shall be no oral argument unless requested by the Court. *See* Civ. Loc. Rule 7.1.d. The parties need not contact chambers to secure hearing dates for the motions addressed by this Order.

7. In all other respects, the parties shall comply with the applicable Federal Rules of Civil Procedure, Federal Rules of Evidence, Civil Local Rules of this District and the Standing Order for Civil Cases of this Court, including the

standing orders regarding telephone calls to chambers, motion briefing, and summary judgment briefing.

**IT IS SO ORDERED.**

Dated: March 9, 2017

Hon. M. James Lorenz
United States District Judge