**NEIL DYMOTT FRANK MCFALL & TREXLER, PLC**
David P. Burke (State Bar. No. 200120)
   Email: DBurke@neil-dymott.com
1010 Second Avenue, Suite 2500
San Diego, CA 92101
Telephone: 619.238.1712
Facsimile:  619.238.1562

**TUCKER ELLIS LLP**
Matthew I. Kaplan (State Bar No. 177242), admitted *pro hac vice*
   Email: matthew.kaplan@tuckerellis.com
515 South Flower Street, 42nd Floor
Los Angeles, CA 90071-2223
Telephone: 213.430.3400
Facsimile:  213.430.3409

**FAEGRE BAKER DANIELS LLP**
Sarah L. Brew, admitted *pro hac vice*
   Email: sarah.brew@faegrebd.com
Aaron D. Van Oort, admitted *pro hac vice*
   Email: aaron.vanoort@faegrebd.com
Christine R. M. Kain, admitted *pro hac vice*
   Email: christine.kain@faegrebd.com
Tyler A. Young, admitted *pro hac vice*
   Email: tyler.young@faegrebd.com
90 South Seventh Street, Suite 2200
Minneapolis, MN 55402-3901
Telephone: 612.766.7000
Facsimile:  612.766.1600

Attorneys for Defendant CytoSport, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAYLA CLAY, ERICA EHRLICHMAN, and LOGAN REICHERT, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>CYTOSPORT, INC., a California Corporation,<br><br>Defendant. | Case 15-CV-0165-L-AGS<br><br>[Hon. M. James Lorenz]<br><br>**DEFENDANT CYTOSPORT, INC.'S EX PARTE APPLICATION FOR LEAVE TO FILE NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF DEFENDANT'S OPPOSITION TO CLASS CERTIFICATION**<br><br>Date:     August 23, 2017<br>Time:    [No Oral Argument Set]<br>Crtrm:   5B |

Defendant CytoSport, Inc. ("CytoSport") filed its Opposition to Plaintiffs' Motion for Class Certification on April 5, 2017. (Dkt. 170-1.) Plaintiffs' Motion for Class Certification has been fully briefed since April 26, 2017. (Dkt. 180.) CytoSport respectfully requests leave to supplement the record on Plaintiffs' pending motion with a recent decision of the United States District Court for the Central District of California, *Zakaria v. Gerber Prods. Co.*, Case No. 2:15-cv-00200-JAK-E (C.D. Cal. August 9, 2017) (attached as Exhibit A[1]). Good cause exists for this request because the *Zakaria* decision directly addresses matters currently before the Court in connection with CytoSport's Opposition to Plaintiffs' Motion for Class Certification and it was issued after briefing on the motion closed.

In *Zakaria*, the court decertified a California consumer fraud class for failure to provide a damages model that could accurately calculate a price premium. *See Zakaria* at 23-29. Initially, the court certified a class of all consumers who purchased Gerber's Good Start Gentle infant formula displaying a "1st and Only" seal, which stated that Good Start Gentle was the first and only infant formula to reduce the risk of developing allergies. *Id.* at 2. Following certification, Plaintiff's expert, Dr. Elizabeth Howlett, conducted a choice-based conjoint analysis to measure the amount of any premium class members would be willing to pay for the "1st and Only" seal. *Id.* at 11. Dr. Howlett's conjoint analysis presented respondents with several hypothetical product packages with corresponding, hypothetical prices; these hypothetical prices did not correlate to actual market prices for Good Start Gentle or competitor products. *Id.* at 13. The court held that Dr. Howlett's study failed to reliably determine a price premium because "[i]t does not reflect the actual difference, if any, between the amount paid for Good Start Gentle and its value in the market." *Id.* at 26. More specifically, the court held that because Dr. Howlett's study did not incorporate actual market prices for the infant formula product at issue, the study did not "sufficiently

---

[1] All referenced exhibits are attached to the Declaration of Matthew I. Kaplan.

account[] for the actual price of Good Start Gentle, or the market conditions in which that product was sold." *Id.* The study proposed by Dr. Howlett in this case presents the same problems, as she has not confirmed whether she will use actual market prices to conduct the survey or whether such data is even available.

CytoSport provided notice of this *ex parte* application to Plaintiffs' counsel. (Kaplan Decl. ¶ 2.) CytoSport met and conferred with Plaintiff's counsel, Trent Kashima, on August 18, 2017 and Mr. Kashima stated that Plaintiffs do not oppose this *ex parte* application, although the parties disagree regarding the applicability of the order. (Kaplan Decl. ¶¶ 4-5.) Mr. Kashima asked that CytoSport include the following paragraph in this *ex parte* application. (Kaplan Decl. ¶, Ex. 5.)

> Plaintiffs do not oppose Defendant's Request, but conclude that the attached Opinion will not aid the Court's determination of class certification. As Judge Kronstadt noted, "Howlett's analysis was designed to calculate the amount of [the premium paid] by assessing the added value that consumers perceived as a result of the statements on the label" and "Plaintiffs' damages model was not barred by Comcast." Minute Order, at pp. 22-23. Accordingly, Judge Kronstadt did not hold that a Conjoint Analysis was an inappropriate class damages model in mislabeling cases. However, the *Zakaria* Court did find, based on "Howlett's completed analysis, and Defendant's objections," that Dr. Howlett did not account for particular "market conditions," such as market prices. *Id.* at p. 26. Here, Dr. Howlett has not submitted her completed report, but she has committed to use market pricing in her analysis. [Dkt. No. 157-8], at ¶¶ 39. 47. Thus, the issues raised in *Zakaria* are premature, and may be irrelevant.

DATED: August 23, 2017          TUCKER ELLIS LLP

                                By: *s/ Matthew I. Kaplan*
                                Matthew I. Kaplan
                                Attorney for Defendant
                                CytoSport, Inc.
                                Email: matthew.kaplan@tuckerellis.com