# EXHIBIT B

| | |
|---|---|
| **From:** | Trent Kashima <trk@classactionlaw.com> |
| **Sent:** | Wednesday, August 23, 2017 12:27 PM |
| **To:** | Teichen, Nicholas D.; Kaplan, Matthew I.; Bodtke, Emily R. |
| **Cc:** | Rebecka Garcia |
| **Subject:** | RE: Clay - Notice of supplemental authority |

Nick:

Sorry about the delay.  As noted during our call, Plaintiffs do not oppose Defendant's request, but only request that Defendant include the following paragraph in its Request noting Plaintiffs' position:

Plaintiffs do not oppose Defendant's Request, but conclude that the attached Opinion will not aid the Court's determination of class certification.  As Judge Kronstadt noted, "Howlett's analysis was designed to calculate the amount of [the premium paid] by assessing the added value that consumers perceived as a result of the statements on the label" and "Plaintiffs' damages model was not barred by Comcast."  Minute Order, at pp. 22-23.  Accordingly, Judge Kronstadt did not hold that a Conjoint Analysis was an inappropriate class damages model in mislabeling cases.  However, the *Zakaria* Court did find, based on "Howlett's completed analysis, and Defendant's objections," that Dr. Howlett did not account for particular "market conditions," such as market prices.  Id. at p. 26.  Here, Dr. Howlett has not submitted her completed report, but she has committed to use market pricing in her analysis.  [Dkt. No. 157-8], at ¶¶ 39. 47.  Thus, the issues raised in *Zakaria* are premature, and may be irrelevant.

Regards,

Trent

---

**From:** Teichen, Nicholas D. [mailto:Nicholas.Teichen@FaegreBD.com]
**Sent:** Wednesday, August 23, 2017 8:01 AM
**To:** Trent Kashima <trk@classactionlaw.com>
**Cc:** Kaplan, Matthew I. <matthew.kaplan@tuckerellis.com>; Bodtke, Emily R. <Emily.Bodtke@FaegreBD.com>
**Subject:** RE: Clay - Notice of supplemental authority

Trent,

I don't believe anyone on my team heard back from you yesterday about whether Plaintiffs oppose CytoSport's ex parte application or whether you would like to include a paragraph in the ex parte like you did last time. Please let me know as soon as possible.

Thanks,
Nick

Nicholas D. Teichen
*Associate*
nicholas.teichen@FaegreBD.com    Download vCard
D: +1 612 766 8295

**Faegre Baker Daniels LLP**
2200 Wells Fargo Center | 90 South Seventh Street | Minneapolis, MN 55402-3901, USA

1

Declaration of Matthew I. Kaplan, Exhibit B, Page 34

**From:** Trent Kashima [mailto:trk@classactionlaw.com]
**Sent:** Thursday, August 17, 2017 3:59 PM
**To:** Teichen, Nicholas D.
**Cc:** Kaplan, Matthew I.; Bodtke, Emily R.
**Subject:** RE: Clay - Notice of supplemental authority

Nike:

I am available tomorrow morning between 9:00 am and 10:00 am, I am also able on Monday morning generally.

Trent

**From:** Teichen, Nicholas D. [mailto:Nicholas.Teichen@FaegreBD.com]
**Sent:** Thursday, August 17, 2017 1:57 PM
**To:** Trent Kashima <trk@classactionlaw.com>
**Cc:** Kaplan, Matthew I. <matthew.kaplan@tuckerellis.com>; Bodtke, Emily R. <Emily.Bodtke@FaegreBD.com>
**Subject:** Clay - Notice of supplemental authority

Trent,

CytoSport would like to file an ex parte application to file a notice of supplemental authority regarding the recent *Zakaria* decision in C.D. Cal. Do you have time before 2 p.m. Pacific on Friday or anytime on Monday 8/21 for a brief phone call so that we can fulfill our meet and confer requirement?

Nick

Nicholas D. Teichen
*Associate*
nicholas.teichen@FaegreBD.com    Download vCard
D: +1 612 766 8295

**Faegre Baker Daniels LLP**
2200 Wells Fargo Center | 90 South Seventh Street | Minneapolis, MN 55402-3901, USA

This message and any attachments are for the sole use of the intended recipient(s) and may contain confidential and/or privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message and any attachments. Thank you.