1  BARBAT, MANSOUR & SUCIU PLLC
   Nick Suciu III, Esq. (*Pro Hac Vice*)
2  nicksuciu@bmslawyers.com
   1644 Bracken Rd.
3  Bloomfield Hills, MI 48302
   Telephone: (313) 303-3472
4
   *Attorneys for Plaintiffs*
5  *and the Classes*

# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAYLA CLAY, ERICA EHRLICHMAN, and LOGAN REICHERT and CHRIS ROMAN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>CYTOSPORT, INC., a California corporation,<br><br>Defendant. | Case No: 3:15-cv-00165-L-DHB<br><br>**DECLARATION OF NICK SUCIU III IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Hearing date: June 10, 2019<br>Time: 10:30 am<br>Judge: Hon. M. James Lorenz<br><br>[No Oral Argument Unless Ordered by the Court] |

# **DECLARATION OF NICK SUCIU III**

I, Nick Suciu III, declare:

1. I am over eighteen years of age and a partner at Barbat, Mansour & Suciu PLLC, counsel for Plaintiffs and Class Representatives Chayla Clay, Erica Ehrlichman, Logan Reichert and Chris Roman ("Plaintiffs"), as well as the Class in the above captioned case. I submit this declaration in support of Plaintiffs' Motion for Preliminary Approval. I have personal knowledge of the facts set forth herein, and if called as a witness could and would competently testify thereto.

2. I am a founding partner at Barbat, Mansour & Suciu PLLC, Class Counsel in this action. I am an attorney at law licensed to practice in the State of Michigan, and admitted to this Court *pro hac vice* in this action.

3. My firm, Barbat, Mansour & Suciu PLLC, has significant experience in litigating class actions of similar size, scope, and complexity to the instant action. *See* **Ex. I**; Firm Resume of Barbat, Mansour & Suciu PLLC. Further, I personally have extensive knowledge and expertise in the scientific and regulatory aspects of dietary supplements, including protein supplements. *Id*. Recently my firm has been appointed Co-Class Counsel in a substantially similar case, regarding protein supplements. *See Gregorio v. Premier Nutrition, Corp.,* 2019 U.S. Dist. LEXIS 9405 (S.D.N.Y. January 17, 2019). My firm has also been appointed as Co-Class Counsel by another court in this District, which found my firm to be "experienced in litigating class actions and other complex cases." *See Price v. L'Oreal USA, Inc.*, 2018 WL 3869896, at *4 (S.D.N.Y. Aug. 15, 2018) (Schofield, J.) Most recently I was appointed Co-Class Counsel in another protein enriched food case, regarding the products' protein content claims. *See Cowen v. Lenny & Larry's, Inc.,* No. 1:17-CV-01530. (N.D. Ill. May 2, 2019) (Gettleman, R.)

**Reasonableness of Settlement, Fee Requests, Expense Reimbursement and Incentive Awards**

4. I was one of the negotiators of the settlement. I will personally attend the hearing for approval of the settlement and fees and costs and I can explain all aspects of the claims, aspects of the case, the details behind the settlement, and answer any questions that might arise.

5. The settlement meets all the requirements of Rule 23 for fairness and reasonableness.

6. The total amount of the settlement is also reasonable. First, it is the largest protein supplement class settlement on record. Second, the approximate $12.5 million settlement value represents a fair compromise of the damage range of zero to $80,000,000 when considering the defenses on the merits and class certification, expert issues and opinions, and delay based on a Rule 23(f) appeal and an appeal on a judgment in favor of the class.

**Class Notice and Administration**

7. After the Parties were able to come to an agreement on the material terms of the Settlement on March 7, 2019, myself and defense counsel began working together to retain a well-qualified Claims Administrator to create a robust and adequate Class Notice and Administration Plan.

8. The parties then identified and agreed upon four qualified and experienced claims administrators to provide competitive bids for class notice and claims administration.

9. On March 22, 2019, the Parties had initial calls with all four administrators to discuss the Proposed Class Settlement, and their expert insight into the notice and administration process. After the four separate phone calls, the Parties emailed the competing firms and requested bids to be submitted by March 29, 2019.

10. After numerous discussions between the Parties, review of all bids and notice programs, and follow up calls and emails with the class administrators, the

1    Parties came to the joint decision on April 11, 2019 to retain Angeion Group to be the
2    Notice and Claims Administrator.

3           11.    Since then the Parties have been closely working with Angeion in
4    creating a robust notice program which is more than adequate under the Federal Rules.
5    This plan provides for *targeted* publication notice and the notices themselves are
6    informative and allow the Class to make an educated decision regarding this
7    Settlement.

8           12.    Notice will be provided *via* a multifaceted advertisement campaign which
9    is designed to specifically reach purchasers of the Class Products. *See* Weisbrot Decl.
10   at ¶¶ 13-17. Based on review of class definition, the Claims Administrator determined
11   the potential audience size is estimated at 2,998,000 individuals. *Id.* at ¶ 14. The
12   Claims Administrator will service notice through online advertisements (including on
13   social media platforms such as Twitter and Facebook) using "advanced targeting,
14   machine learning, and a known and verifiable target audience profile." *Id.* at ¶¶ 18-
15   23. Essentially, the Claims Administrator will monitor information regarding those
16   individuals who click on the banner advertisements and change the reach of the notice
17   campaign to better target the appropriate online audiences. *Id.* The online portion of
18   the notice program is designed to provide approximately 5,217,000 impressions (*i.e.*
19   incidents where an individual interacted with the advertisement). *Id.* at ¶ 22.[1]

20          13.    This online notice will be supplemented by advertisements in print media
21   to reach potential Class Members. *Id.* at ¶¶ 23-26. Specifically, People (with a
22   circulation of 3,510,533) and Sports Illustrated (with a circulation of 2,700,000) were
23   chosen for the notice program due to its strong reach among the target audience. *Id.*
24   at ¶ 25. Collectively, the notice regime is predicted to directly reach 70.14% reach
25   with an average frequency of 2.93 views per person. *Id.* at ¶ 34.

---

[1] Notice will be further distributed and promoted on two leading class action settlement websites, www.topclassactions.com and www.classaction.org. Weisbrot Decl. at ¶ 26.

3

1  I declare under penalty of perjury under the laws of the United States, that the
2  forgoing statements made by me are true and correct
3  Dated: May 13, 2019          *Nick Suciu III* (signature)
4                                       Nick Suciu III