# TABLE OF CONTENTS TO DECLARATION OF TRENTON R. KASHIMA

| Exhibit | Document | Page No. |
|---------|----------|----------|
| A | Settlement Agreement | 23 |
| B | Firm Resume | 85 |

# EXHIBIT A

<u>**SETTLEMENT AGREEMENT AND RELEASE**</u>

This Settlement Agreement and Release (the "Settlement Agreement") is entered into by and between Plaintiffs Chayla Clay, Chris Roman, Erica Erlichman, and Logan Reichert ("Plaintiffs") for themselves and the Settlement Class Members (as defined below) on the one hand, and, on the other hand, CytoSport, Inc. ("CytoSport" or "Defendant"). Plaintiffs and Defendant, the Parties to the Settlement, are referred to collectively in this Settlement Agreement as the "Parties."

## I.    <u>RECITALS</u>

**1.01**    On January 23, 2015, Plaintiffs filed a class action in the Southern District of California captioned *Clay et al. v. CytoSport, Inc.*, Civ. No. 3:15-cv-00165 (S.D. Cal.) (the "Action"). On March 15, 2017, Plaintiffs filed a First Amended Class Action Complaint ("Amended Complaint"). The Amended Complaint alleged that the labels for certain of Defendant's powder and shake protein products were false and misleading.

**1.02**    On July 31, 2018, the Court granted in part and denied in part Defendant's Motion for Summary Judgment.

**1.03**    On September 7, 2018, the Court granted in part and denied in part Plaintiffs' motion for class certification and excluded certain testimony from one of Plaintiffs' experts.

**1.04**    On September 21, 2018, Defendant filed a Rule 23(f) petition with the Ninth Circuit, requesting permission to appeal the District Court's class-certification order.

**1.05**    On December 21, 2018, the Ninth Circuit granted Defendant's Rule 23(f) petition.

**1.06**    On February 5, 2019, the Ninth Circuit vacated, at the parties' request, the briefing schedule on Defendant's appeal.

**1.07**    Defendant denies all material allegations contained in the Amended Complaint. Defendant specifically denies Plaintiffs' allegations that its shake products contain less protein than is stated on the labels and that its powder products were falsely labeled as including "lean lipids." Defendant also specifically contends that the claims in the Amended Complaint cannot be tried on a class basis. Nevertheless, given the risks, uncertainties, burden, and expense of

continued litigation, Defendant has agreed to settle all claims alleged in the Amended Complaint on the terms set forth in this Agreement, subject to Court approval.

1.08     Plaintiffs reaffirm the validly of all material allegations contained in the Amended Complaint as borne true and accurate after discovery to date. Plaintiffs maintain the testing results shows the shake products contain less protein than is stated on the labels and that the powder products were falsely labeled as including "lean lipids." Plaintiffs contend that the Court decision granting class certification was correctly decided. Nevertheless, given the risks, uncertainties, burden, and expense of continued litigation, Plaintiffs have agreed to settle all claims alleged in the Amended Complaint on the terms set forth in this Agreement, subject to Court approval.

1.09     This Settlement Agreement resulted from good faith, arm's-length settlement negotiations over several months, including two in-person, all-day mediation sessions before David Rotman, Esq. (Mediated Negotiations). Plaintiffs and Defendant submitted detailed mediation statements to Mr. Rotman setting forth their respective views as to the strengths of their cases.

1.10     The Parties understand, acknowledge, and agree that the execution of this Settlement Agreement constitutes the settlement and compromise of disputed claims. This Settlement Agreement is inadmissible as evidence against any of the Parties except to enforce the terms of the Settlement Agreement and is not an admission of wrongdoing or liability on the part of any Party to this Settlement Agreement. The Parties desire and intend to effect a full, complete, and final settlement and resolution of all existing disputes and claims as set forth herein.

1.11     The Settlement contemplated by this Settlement Agreement is subject to preliminary approval and final approval by the Court, as set forth herein. This Settlement Agreement is intended by the Parties to fully, finally, and forever resolve, discharge, and settle the Released Claims, upon and subject to the terms and conditions hereof.

Dec of T. Kashima
Ex. A  Page 24

## II.    DEFINITIONS

**2.01**    "Agreement" or "Settlement Agreement" means this Settlement Agreement and Release between Plaintiffs and Defendant and each and every exhibit attached hereto.

**2.02**    "CAFA Notice" refers to the notice pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715(b), to be provided by the Class Administrator pursuant to Section 8.05.

**2.03**    "Cash Award" means a cash payment from the Settlement Fund to a Settlement Class Member.

**2.04**    "Claims Deadline" means the date by which Class Members must submit a claim in order to receive a Cash Award and will be set as seventy-five (75) calendar days after the Settlement Notice Date. The Claims Deadline may be extended by up to fifteen (15) days, for a total of ninety (90) days, upon recommendation of the Class Administrator, with the Parties' approval.

**2.05**    "Class Administration" means the activities of the Class Administrator consistent with the terms of this Settlement.

**2.06**    "Class Administrator" means the Angeion Group.

**2.07**    "Class Counsel" means and includes Jason J. Thompson of Sommers Schwartz, P.C., Trent Kashima of Finkelstein & Krinsk LLP, and Nick Suciu III of Barbat, Mansour & Suciu PLLC.

**2.08**    "Class Notice" means any type of notice that has been or will be provided to the Settlement Classes pursuant to this Agreement and any additional notice that might be ordered by the Court.

**2.09**    "Class Periods" means the following periods:

- "Michigan Shake Settlement Class Period" means January 23, 2009 to the date of the entry of the Preliminary Approval Order.
- "Powder Settlement Class Period" means January 23, 2011 to December 31, 2018.
- "Shake Settlement Class Period" means January 23, 2011 to the date of entry

Dec of T. Kashima
Ex. A  Page 25

of the Preliminary Approval Order.

2.10    "Class Products" means the following products:

- "Powder Settlement Class Products" means Muscle Milk: Lean Muscle Protein Powder; Muscle Milk Light: Lean Muscle Protein Powder; Muscle Milk Naturals: Nature's Ultimate Lean Muscle Protein; Muscle Milk Gainer; High Protein Gainer Powder Drink Mix; Muscle Milk Pro Series 50: Lean Muscle Mega Protein Powder; and Monster Milk: Lean Muscle Protein Supplement.

- "Shake Settlement Class Products" means Cytosport Whey Isolate Protein Drink; Monster Milk: Protein Power Shake; Genuine Muscle Milk: Protein Nutrition Shake; and Muscle Milk Pro Series 40: Mega Protein Shake.

2.11    "Class Representatives" means Plaintiffs Chayla Clay, Chris Roman, Erica Erlichman, and Logan Reichert.

2.12     "Court" means the United States District Court for the Southern District of California and U.S. District Judge James Lorenz.

2.13    "Defendant" is CytoSport, Inc.

2.14    "Effective Date" means the date when the Judgment has become final as provided in Section 13.

2.15    "Exclusion Deadline" means seventy-five (75) calendar days after the Settlement Notice Date. The Exclusion Deadline may be extended by up to fifteen (15) days, for a total of ninety (90) days, upon recommendation of the Class Administrator, with the Parties' approval.

2.16     "Fairness Hearing" means the hearing held by the Court to determine whether to finally approve the Settlement set forth in this Settlement Agreement as fair, reasonable, and adequate.

2.17    "Final Approval Order" means the order to be submitted to the Court in connection with the Fairness Hearing, substantially in the form attached hereto as **Exhibit C**.

2.18    "Final Distribution Date" means the earlier of (i) the date as of which all the

checks for Cash Awards have been cashed, or (ii) 210 calendar days after the date on which the last check for a Cash Award was issued.

**2.19**   "Funding Date" means two (2) business days after the Effective Date.

**2.20**   "Litigation" means the action described by the Amended Complaint filed in the Southern District of California, *Clay et al. v. CytoSport, Inc.*, Civ. No. 3:15-cv-00165 (Dkt. 156).

**2.21**   "Notice" means the notices to be provided to Settlement Class Members substantially in the form set forth in Section 8. The forms of notice are attached hereto collectively as **Exhibit B**.

**2.22**   "Objection Deadline" means seventy-five (75) calendar days after the Settlement Notice Date. The Objection Deadline may be extended by up to fifteen (15) days, for a total of ninety (90) days, upon recommendation of the Class Administrator, with the Parties' approval.

**2.23**   "Preliminary Approval Order" means the proposed order to be submitted to the Court in connection with the Motion for Preliminary Approval, substantially in the form attached hereto as **Exhibit A**.

**2.24**   "Released Claims" means the claims released in Section 14.

**2.25**   "Released Parties" means CytoSport, Inc. and CytoSport Holdings, Inc. and all of their current, former, and future parents, predecessors, successors, affiliates, assigns, subsidiaries, divisions, or related corporate entities, and all of their respective current, future, and former employees, officers, directors, shareholders, assigns, agents, trustees, administrators, executors, insurers, attorneys, and customers.

**2.26**   "Request for Exclusion" means the written submission submitted by a Settlement Class Member to be excluded from the Settlement consistent with the terms of this Agreement.

**2.27**   "Settlement" means the settlement set forth in this Agreement between Plaintiffs and Defendant and each and every exhibit attached hereto.

**2.28**   "Settlement Benefit" means the Settlement Fund and the costs of class notice and claims administration.

**2.29**   "Settlement Classes" means and includes the following classes:

Dec of T. Kashima
Ex. A  Page 27

- "Powder Settlement Class" means and includes all persons in the United States (including its states, districts or territories) who purchased a Powder Settlement Class Product that had the phrase "lean lipids," "lean protein," "lean muscle protein," or "new leaner formula" on the label during the Powder Settlement Class Period. Excluded from the Powder Settlement Class are: (1) employees of Defendant, including its current and former directors, officers and counsel; (2) any entity that has a controlling interest in Defendant; (3) Defendant's affiliates and subsidiaries; and (4) the judge to whom this case is assigned and any member of the judge's immediate family.

- "Shake Settlement Class" means and includes all persons in the United States (including its states, districts or territories) who purchased a Shake Settlement Class Product during the Shake Settlement Class Period or, for members of the Michigan subclass only, the Michigan Shake Settlement Class Period. Excluded from the Shake Settlement Class are: (1) employees of Defendant, including its current and former directors, officers and counsel; (2) any entity that has a controlling interest in Defendant; (3) Defendant's affiliates and subsidiaries; and (4) the judge to whom this case is assigned and any member of the judge's immediate family.

**2.30**  "Settlement Class Members" means the Plaintiffs and those persons who are members of the Shake Settlement Class, the Powder Settlement Class, or both, and who do not submit a timely and valid Request for Exclusion from the Settlement Class.

**2.31**  "Settlement Fund" means the $12,000,000 fund consisting of the non-reversionary cash sum that Defendant will pay to settle this Litigation and obtain a release of all Released Claims in favor of all Released Parties.

**2.32**  "Settlement Notice Date" means ten (10) calendar days after the Preliminary Approval Order is issued. The Settlement Notice Date may be extended by up to five (5) additional days, for a total of fifteen (15) days, upon recommendation of the Class Administrator,

Dec of T. Kashima
Ex. A  Page 28

with the Parties' approval.

**2.33** "Settlement Website" means the Internet website operated by the Class Administrator as described in Section 8.03.

### III.    ALL PARTIES RECOMMEND APPROVAL OF THE SETTLEMENT

**3.01**    <u>Defendant's Position on the Conditional Certification of Settlement Class</u>. Defendant disputes that a litigation class would be manageable and further maintains that the certified litigation classes will be reversed on appeal. Solely for purposes of avoiding the expense and inconvenience of further litigation, Defendant does not oppose the certification of the Settlement Classes for the <u>purposes of only</u> this Settlement. Preliminary certification of the Settlement Classes will not be deemed a concession that certification of a litigation class is appropriate, nor will Defendant be precluded from challenging class certification in further proceedings in this Litigation or in any other action if the Settlement Agreement is not finalized or finally approved. If the Settlement Agreement is not finally approved by the Court for any reason whatsoever, the certification of the Settlement Classes will be void, and no doctrine of waiver, estoppel, or preclusion will be asserted in any litigated certification proceedings in this Litigation or any other judicial proceeding. No agreements made by or entered into by Defendant in connection with the Settlement Agreement may be used by Plaintiffs, any Settlement Class Member, or any other person to establish any of the elements of class certification in any litigated certification proceedings, whether in this Litigation or any other judicial proceeding.

**3.02**    <u>Plaintiffs' Position on the Conditional Certification of Settlement Class</u>. Plaintiffs aver that the Court was correct in finding that a litigation class would be manageable and further maintains that the certified litigation classes will not be reversed on appeal. If the Settlement Agreement is not finally approved by the Court for any reason whatsoever, the certification of the Settlement Classes will be void, and no doctrine of waiver, estoppel, or preclusion will be asserted in any litigated certification proceedings in this Litigation or any other judicial proceeding. No agreements made by or entered into by Plaintiffs in connection with the Settlement Agreement may be used by Defendant, other than enforcing the settlement.

Dec of T. Kashima
Ex. A  Page 29

**3.03**  Plaintiffs' Belief in the Merits of Case. Plaintiffs believe that the claims asserted in this Litigation have merit and that the evidence developed to date supports the claims. This Settlement will in no event be construed or deemed to be evidence of or an admission or concession on the part of Plaintiffs that there is any infirmity in the claims asserted by Plaintiffs, or that there is any merit whatsoever to any of the contentions and defenses that Defendant has asserted.

**3.04**  Plaintiffs Recognize the Benefits of Settlement. Plaintiffs recognize and acknowledge, however, the expense and time that would be required to continue to pursue this Litigation against Defendant, as well as the uncertainty, risk, and difficulties of proof inherent in prosecuting such claims on behalf of the Settlement Classes. Plaintiffs have concluded that it is desirable that this Litigation and any Released Claims be fully and finally settled and released as set forth in this Settlement. Plaintiffs and Class Counsel believe that the Settlement set forth in this Agreement confers substantial benefits upon the Settlement Classes and that it is in the best interests of the Settlement Classes to settle as described herein.

## IV.   SETTLEMENT TERMS AND BENEFITS TO THE SETTLEMENT CLASS

**4.01**  Settlement Consideration. CytoSport will pay a non-reversionary cash sum in the amount of $12,000,000 into the Settlement Fund. This amount will be paid by CytoSport to the Class Administrator on the Funding Date. In addition, CytoSport will pay the costs of notice and claims administration. Defendant will pay nothing apart from the Settlement Fund and the costs of notice and claims administration. CytoSport will also review its manufacturing processes and protocols to minimize variability of the protein content contained in its ready-to-drink protein shake products. Finally, CytoSport previously changed the labeling of its protein powder products to remove the references to "lean" that Plaintiffs challenged in the Litigation.

**4.02**  Eligibility for Cash Awards. Cash Awards will be made to Settlement Class Members who submit a valid claim by the Claims Deadline. Settlement Class Members who belong to both the Shake Settlement Class and the Powder Settlement Class may submit a request for a Cash Award from each class.

Dec of T. Kashima
Ex. A  Page 30

**4.03**     Cash Award Amount for Shake Settlement Class Members. Each Shake Settlement Class Member may file a claim for a cash payment based on the Shake Settlement Class Products purchased during the Shake Settlement Class Period. Shake Settlement Class Members will be entitled to submit a claim for $1 per purchased Shake Settlement Class Product, subject to pro rata adjustment. Shake Settlement Class Members' claims without proof of purchase will be subject to a maximum claim of $25, subject to pro rata adjustment, but Shake Settlement Class Members' claims with proof of purchase will have no cap, subject to pro rata adjustment.

**4.04**     Cash Award Amount for Powder Settlement Class members. Each Powder Settlement Class Member may file a claim for a cash payment based on the Powder Settlement Class Products purchased during the Powder Settlement Class Period. Powder Settlement Class Members will be entitled to submit a claim for $3 for each purchase of a product weighing 2 ¾ lbs or less and $5 for each purchase of a product weighing more than 2 ¾ lbs, subject to pro rata adjustment. Powder Settlement Class Members' claims without proof of purchase will be subject to a maximum claim of $25, subject to pro rata adjustment, but Powder Settlement Class Members' claims with proof of purchase will have no cap, subject to pro rata adjustment.

**4.05**     Pro Rata Adjustment of Cash Awards. If the total value of all Approved Claims either exceeds or falls short of the funds available for distribution to Class Members, then the amounts of the cash payments will be reduced or increased pro rata, as necessary, to use all of the funds available for distribution to Class Members.

**4.06**     Second Distribution. If any funds are unclaimed or remain unused after the initial distribution, those funds will be distributed to Settlement Class Members who cashed the initial payment, on a pro rata basis, to the extent the cost of such redistribution is considered economical by the Claims Administrator, Class Counsel, and Defendant as provided for in Section 10.01d. After the second distribution, or if a second distribution is considered not to be economical, then any unclaimed or unused funds will be used to offset the costs of Class Administration.

Dec of T. Kashima
Ex. A  Page 31

## V.   ATTORNEYS' FEES, COSTS AND PAYMENT TO CLASS REPRESENTATIVES

**5.01**   _Attorneys' Fees and Costs_. After an agreement was reached among the Parties as to all principal terms and conditions of this Settlement Agreement, the Parties entered into arm's-length discussions regarding attorneys' fees, costs, and expenses with Class Counsel, including discussions through and with the assistance of the third-party mediator, David Rotman. Class Counsel will move the Court for an award of attorneys' fees and costs not exceeding 33.3% (one-third) of the Settlement Benefit, to be paid from the Settlement Fund. Class Counsel will file their motion for fees and expenses and post the motion and all supporting papers on the Settlement Website no later than fourteen (14) days before the Claims Deadline, Objection Deadline, and Exclusion Deadline.

**5.02**   _Payment to Class Representatives_. The Class Representatives will ask the Court to award them a payment for the time, effort, expense, and service that they personally invested in the Litigation. Defendants will not object to such payment to be paid to the Class Representatives from the Settlement Fund provided that the payment does not exceed $10,000 per Class Representative, subject to Court approval. Class Counsel will file the motion for service awards and post the motion and all supporting papers on the Settlement Website no later than fourteen (14) days before the Claims Deadline, Objection Deadline, and Exclusion Deadline.

**5.03**   _Settlement Independent of Award of Fees, Costs and Payment to Class Representatives_. The awards of attorneys' fees, costs, and payment to the Class Representatives set forth in Sections 5.01 and 5.02 are subject to and dependent upon the Court's approval. However, this Settlement is not dependent or conditioned upon the Court's approving Plaintiffs' requests for such payments or awarding the particular amounts sought by Plaintiffs. In the event the Court declines Plaintiffs' requests or awards less than the amounts sought, this Settlement will continue to be effective and enforceable by the Parties.

## VI.   PRELIMINARY APPROVAL

**6.01**   _Order of Preliminary Approval_. As soon as practicable after the execution of this Agreement, Plaintiffs will move the Court for entry of the Preliminary Approval Order in

Dec of T. Kashima
Ex. A  Page 32

substantially similar form as the proposed order attached as Exhibit A. In the motion for preliminary approval, Plaintiffs will request that the Court:

        a.      preliminarily approve the Settlement and this Agreement as fair, adequate, and reasonable and within the reasonable range of possible final approval;

        b.      approve the forms of Notice and find that the notice program constitutes the best notice practicable under the circumstances and satisfies due process and Rule 23 of the Federal Rules of Civil Procedure;

        c.      set the date and time for the Fairness Hearing, which may be continued by the Court from time to time without further notice; and,

        d.      set the Claims Deadline, Objection Deadline, and Exclusion Deadline.

## VII.   CLASS ADMINISTRATION

**7.01**   <u>Third-Party Class Administrator</u>. The Class Administrator will be responsible for all matters relating to the administration of this Settlement, as set forth herein. Those responsibilities include, but are not limited to, giving notice, obtaining new addresses for returned mail, setting up and maintaining the Settlement Website and toll-free telephone number, fielding inquiries about the Settlement, acting as a liaison between Settlement Class Members and the Parties regarding claims information, directing the mailing of Cash Awards to Settlement Class Members, and any other tasks reasonably required to effectuate the foregoing. The Class Administrator will provide regular updates on the claims status to counsel for all Parties. Counsel for all parties and the Class Administrator will reach an agreement for the amounts to be paid to the Class Administrator for services rendered under this Settlement Agreement before any undertaking by the Class Administrator.

**7.02**   <u>Payment of Notice and Class Administration Costs</u>. Defendant will pay the Class Administrator for the reasonable costs of Notice and Class Administration in a time and manner agreed upon by Defendant and the Class Administrator.

## VIII.   NOTICES

**8.01**   <u>Timing of Class Notice</u>. Class Notice will commence within fifteen (15) calendar

Dec of T. Kashima
Ex. A  Page 33

days following entry of the Preliminary Approval Order as described herein.

**8.02** <u>Settlement Notice</u>. The Class Administrator will provide notice through advertisement in suitable print publications and through targeted internet and social-media based advertisement. The form of the advertisements shall be agreed to by the Parties with input from the Class Administrator. The specific notice regime will also be agreed to by the Parties with input from the Class Administrator. The Class Administrator will propose a notice regime which is targeted to reach the same demographic as the purchasers of the Class Products.

**8.03** <u>Settlement Website</u>. By the Settlement Notice Date, the Class Administrator will maintain and administer a dedicated settlement Website containing class information and related documents. The URL for the Settlement Website shall be selected by the Parties, with the assistance of the Class Administrator. At a minimum, such documents will include the Settlement Agreement and attached exhibits, and when filed, the Preliminary Approval Order, all submissions regarding final settlement approval, attorney's fees and costs, payment to the Class Representatives for time and expense, and the Final Approval Order. The Website shall permit members of the Settlement Class who elect to do so to register online to receive (a) email notice that the Court has granted Final Approval of the Settlement, (b) updates on the deadlines to submit Claims and Requests for Exclusion and make Objections, and (c) the status of payments under the terms of the Settlement. The Website will be taken down and rendered inaccessible by 240 calendar days after the final distribution to class members.

**8.04** <u>Toll-Free Telephone Number</u>. Within ten (10) business days of the issuance of the Preliminary Approval Order, the Class Administrator will set up a toll-free telephone number for receiving toll-free calls related to the Settlement. That telephone number will be maintained until the Exclusion Deadline. After that time, and for a period of ninety (90) calendar days thereafter, a recording will advise any caller to the toll-free telephone number that details regarding the Settlement may be reviewed on the related Settlement Website.

- 12 -

Dec of T. Kashima
Ex. A  Page 34

**8.05**    _CAFA Notice_. The Defendant will provide the CAFA Notice and the Class Administrator will be responsible for serving the required CAFA Notice within ten (10) calendar days after the filing of the Preliminary Approval Motion.

## IX.    <u>CLAIMS</u>

**9.01**    _Claim Requirements_. A maximum of one claim, submitted on a single Claim Form, may be submitted by each Settlement Class Member. To receive a Cash Award, each Settlement Class Member must include information in the Claim Form—completed online or in hard copy mailed to the Settlement Administrator—confirming under penalty of perjury the following: (i) the number and type of Class Product(s) purchased, and (ii) that the purchase or purchases were made within the applicable Class Period. Settlement Class Members who qualify may request a Cash Award from both the Shake Settlement Class and the Powder Settlement Class.

**9.02**    _Review of Claim Forms_. The Settlement Administrator will be responsible for reviewing all claims to determine their validity. The Settlement Administrator will reject any claim that does not comply in any material respect with the instructions on the Claim Form or the terms of paragraphs 9.01, above, or is submitted after the Claims Deadline.

## X.    <u>DISTRIBUTION PROCESS</u>

**10.01**    _Distribution of the Settlement Fund_. The Class Administrator will distribute the funds in the Settlement Fund in the following order and within the time period set forth with respect to each such payment:

a.    first, no later than five (5) business days after the Funding Date has been reached and the Class Representatives and Class Counsel have provided W-9 forms, the Class Administrator will pay to Class Counsel the attorneys' fees, costs, expenses, and time and expense or incentive awards ordered by the Court as set forth in Sections 5.01 and 5.02;

b.    next, no later than fifteen (15) business days after the Funding Date, the Class Administrator will pay the Cash Awards to Settlement Class Members pursuant to Section 9;

Dec of T. Kashima
Ex. A  Page 35

c.  next, if 210 calendar days after the first distribution there are uncashed checks that would yield an amount that, after administration costs, would allow a second pro rata distribution to those Settlement Class Members who cashed the first payment check that Class Counsel and Defendant deem economical under Section 4.06, the Claims Administrator will distribute any such funds on a pro rata basis to those Settlement Class Members;

d.  next, if a second pro rata distribution is not made, the uncashed amount will be used to offset the costs of Class Administration.

e.  Finally, if a second pro rata distribution is made, the amount of any checks that remain uncashed 210 calendar days after that distribution will used as provided by the paragraph above.

**10.02**  <u>Mailing of Settlement Checks</u>. Initial Cash Awards will be sent to Settlement Class Members by the Class Administrator via U.S. mail or through digital payments like PayPal no later than fifteen (15) business days after the Funding Date. If a settlement check is returned, the Class Administrator will attempt to obtain a new mailing address for that Settlement Class Member by taking the steps described in Section 8.03. If, after a second mailing, the settlement check is again returned, no further efforts need be taken by the Class Administrator to resend the check. The Class Administrator will advise Class Counsel and counsel for Defendants of the names of the Settlement Class Members whose checks are returned by the postal service as soon as practicable. Each original settlement check, whether issued in a first or second distribution, will be negotiable for one hundred eighty (180) calendar days after it is issued. Upon a timely request made by a Settlement Class Member, the Class Administrator may re-issue a settlement check that was issued in either a first or second distribution, provided that the re-issued check will not be negotiable beyond thirty (30) days or the date that is one hundred eighty (180) calendar days after the date of issuance of the original check to such Settlement Class Member, whichever is longer.

**10.03**  No Person shall have any claim against Plaintiffs, Class Counsel, the Class Administrator, Defendant or their counsel, the Released Parties, or any other person designated

Dec of T. Kashima
Ex. A  Page 36

by Class Counsel, the Class Administrator, or the Court to assist in claims administration, based on the administration of and processing and payment of claims consistent with the terms of this Settlement Agreement.

## XI.     EXCLUSIONS AND OBJECTIONS

**11.01**   <u>Potential Claimants</u>. Each member of a Settlement Class who does not timely and validly request exclusion from the Settlement following the procedures required by this Agreement will be a Settlement Class Member.

**11.02**   <u>Exclusions from the Settlement</u>. Members of a Settlement Class who wish to exclude themselves from that Settlement Class may do so only by submitting a timely, valid Request for Exclusion to the Class Administrator. To be timely, the Request for Exclusion must be postmarked by the Exclusion Deadline. To be valid, the Request for Exclusion must (a) be made in writing; (b) contain the full name and address of the Settlement Class Member; (c) state to which Settlement Class(es) the Settlement Class Member belongs; (d) state that the Settlement Class Member wishes to be excluded from the Settlement; and (e) be signed individually by the Settlement Class Member. All Settlement Class Members who submit a timely, valid Request for Exclusion will be excluded from the Settlement Classes and will not be bound by the terms of this Agreement, and all Settlement Class Members who do not submit a timely, valid Request for Exclusion will be bound by this Agreement and the Judgment, including the releases in Section 14 below.

**11.03**   <u>Reporting of Requests for Exclusion</u>. The Class Administrator will provide the Parties with copies of each Request for Exclusion that it receives and will provide a list of all Settlement Class Members who have timely and validly excluded themselves from the Settlement in its declaration filed with the Court, as required by Section 12.01.

**11.04**   <u>Objections</u>. Settlement Class Members who wish to object to this Settlement may do so only by filing a timely, valid Objection with the Court. To be timely, the Objection must be filed with the Court by the Objection Deadline. To be valid, the Objection must state: (a) the Settlement Class Member's full name and address; (b) the class product(s) that the Settlement

Dec of T. Kashima
Ex. A  Page 37

Class Member purchased and the date(s) of purchase; (c) the reasons for the Settlement Class Member's Objection and whether he or she intends to appear at the Fairness Hearing on his or her own behalf or through counsel; (d) evidence of his or her membership in a Settlement Class, i.e., a receipt for his or her purchase(s) or verification under oath as to the approximate date(s) and location(s) of his or her purchase(s) of the class product(s); (e) the objector's signature; and (f) the signature of the objector's counsel, if any. Any documents supporting the Objection must be attached to the Objection. The Parties will have the right to obtain document discovery and take depositions relevant to any Objection.

**11.05** <u>Fairness Hearing</u>. Any Settlement Class Member who has timely filed an Objection and stated therein an intent to appear may appear at the Fairness Hearing, either in person or through an attorney hired at the Settlement Class Member's own expense, to object to the fairness, reasonableness, or adequacy of this Agreement or the Settlement.

## XII.    FINAL APPROVAL AND JUDGMENT ORDER

**12.01**    No later than fourteen (14) calendar days before the Fairness Hearing, the Class Administrator will file with the Court and serve on counsel for all Parties a declaration stating that the Notice required by the Agreement has been completed in accordance with the terms of the Preliminary Approval Order, and describe the important aspects of the notice process such as digital impressions, claims, opt outs, telephone calls etc.

**12.02**    If the Court issues the Preliminary Approval Order and all other conditions precedent to the Settlement have been satisfied, no later than fourteen (14) calendar days before Fairness Hearing and fourteen (14) days after the Objection Deadline:

      a.      All Parties will request, individually or collectively, that the Court enter the Final Approval Order in substantially similar form as the proposed order attached as Exhibit C, with Class Counsel filing a memorandum of points and authorities in support of the motion;

      b.      Defendant may file a memorandum in support of the motion; and

      c.      Class Counsel and Defendant may file memoranda addressing any Objections submitted to the Settlement.

Dec of T. Kashima
Ex. A  Page 38

**12.03**   At the Fairness Hearing, the Court will consider and determine whether the Settlement should be finally approved as fair, reasonable, and adequate, rule on Objections to the Settlement, determine whether the fee award to Class Counsel and payment to the Class Representatives for time and expense should be approved, and determine whether a Judgment finally approving the Settlement should be entered.

**12.04**   This Agreement is subject to and conditioned upon the issuance by the Court of a Final Approval Order that grants final approval of this Agreement and enters a final Judgment and:

      a.      finds that the Notice provided satisfies the requirements of due process and Federal Rule of Civil Procedure Rule 23(e)(1);

      b.      finds that Settlement Class Members have been adequately represented by the Class Representatives and Class Counsel;

      c.      finds that the Settlement Agreement is fair, reasonable, and adequate with respect to the Settlement Classes, that each Settlement Class Member will be bound by this Agreement, including the releases in Section 14.01 and the covenant not to sue in Section 14.04, and that this Settlement Agreement should be and is approved;

      d.      dismisses with prejudice all claims of the Settlement Class Members asserted in the Litigation;

      e.      permanently enjoins each and every Settlement Class Member from bringing, joining, or continuing to prosecute any Released Claims against any of the Defendant or the Released Parties; and,

      f.      retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation, and enforcement of this Settlement Agreement.

## XIII.   FINAL JUDGMENT

**13.01**   The judgment entered at the Fairness Hearing will be deemed final:

      a.      Thirty (30) calendar days after entry of the Judgment approving the Settlement if no document is filed within that time seeking appeal, review, or rehearing of the

Dec of T. Kashima
Ex. A  Page 39

Judgment or taking some other action that would extend the time for seeking appeal or review of the Judgment; or

b.    If any such document is filed or action is taken, then five (5) business days after the date upon which all appellate and other resulting proceedings have been finally terminated in such a manner as to permit the Judgment to take effect in substantially the form described in Section 12.04.

## XIV.    RELEASE OF CLAIMS

**14.01**    <u>Released Claims</u>. Upon the Effective Date, Plaintiffs and each Settlement Class Member, as well as their respective assigns, heirs, executors, administrators, successors, and agents, hereby release, resolve, relinquish, and discharge each and all of the Released Parties from each of the Released Claims (as defined below). The Plaintiffs and the Settlement Class Members further agree that they will not institute any action or cause of action (in law, in equity or administratively), suits, debts, liens, or claims, known or unknown, fixed or contingent, which they may have or claim to have, in state or federal court, in arbitration, or with any state, federal or local government agency or with any administrative or advisory body, arising from or reasonably related to the Released Claims. The release does not apply to members of the Settlement Class who opt out of the Settlement by submitting a valid and timely Request for Exclusion. "Released Claims" means any and all claims, causes of action, suits, obligations, debts, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses, and attorneys' fees of any nature whatsoever, whether based on any federal law, state law, common law, territorial law, foreign law, contract, rule, regulation, any regulatory promulgation (including, but not limited to, any opinion or declaratory ruling), common law, or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, punitive or compensatory, that arise out of or relate in any way to the claims asserted or the factual allegations made in the Amended Complaint in this Action, including without limitation the marketing, advertising, promotion, or distribution of the Class Products and the purchase of any of the Class Products at

Dec of T. Kashima
Ex. A  Page 40

any time during the Class Period.

**14.02**   Waiver of Unknown Claims. Without limiting the foregoing, the Released Claims specifically extend to claims that Plaintiffs and Settlement Class Members do not know or suspect to exist in their favor at the time that the Settlement and the releases contained therein become effective. This Section constitutes a waiver, without limitation as to any other applicable law, of Section 1542 of the California Civil Code, which provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

This Section also constitutes a waiver of any other law of any jurisdiction (domestic or foreign) or principle of common law that is similar, comparable, or equivalent to Section 1542.

**14.03**   Acknowledgement of Waiver of Unknown Claims. Plaintiffs and the Settlement Class Members understand and acknowledge the significance of their waivers of California Civil Code Section 1542 and similar federal and state statutes, case law, rules, or regulations relating to limitations on releases. In connection with such waivers and relinquishment, Plaintiffs and the Settlement Class Members acknowledge that they are aware that they may hereafter discover facts in addition to, or different from, those facts that they now know or believe to be true with respect to the subject matter of the Settlement, but that it is their intention to release fully, finally, and forever all Released Claims with respect to the Released Parties, and in furtherance of such intention, the releases of the Released Claims will remain in effect notwithstanding the discovery or existence of any such additional or different facts.

**14.04**   Covenant Not to Sue. Plaintiffs agree and covenant, and each Settlement Class Member will be deemed to have agreed and covenanted, not to sue any Released Party with respect to any of the Released Claims or any claims in connection with the Action, or otherwise to assist others in doing so, and agree to be forever barred from doing so, in any court of law or equity, or any other forum.

Dec of T. Kashima
Ex. A  Page 41

## XV.   TERMINATION OF AGREEMENT

**15.01**   Either Plaintiffs or Defendant May Terminate the Agreement. Plaintiffs (by unanimous agreement of all Plaintiffs) and Defendant will each have the right to unilaterally terminate this Agreement by providing written notice of their election to do so ("Termination Notice") to all other Parties hereto within ten (10) business days of any of the following occurrences:

a.     the Court rejects, materially modifies, materially amends or changes, or declines to issue a Preliminary Approval Order or a Final Approval Order with respect to the Settlement Agreement;

b.     an appellate court reverses the Final Approval Order, and the Settlement Agreement is not reinstated without material change by the Court on remand;

c.     any court incorporates terms into, or deletes or strikes terms from, or modifies, amends, or changes the Preliminary Approval Order, the Final Approval Order, or the Settlement Agreement in a way that Plaintiffs or Defendant reasonably consider material, unless the modification or amendment is accepted in writing by all Parties, except that, as provided above, the Court's approval of attorneys' fees and costs and service awards, or their amounts, is not a condition of the Settlement; or

**15.02**   Revert to Status Quo If Plaintiffs or Defendant Terminates. If either Plaintiffs or Defendant terminates this Agreement as provided in Section 15.01, the Agreement will be of no force and effect; the Parties' rights and defenses will be restored, without prejudice, to their respective positions as if this Agreement had never been executed; and any orders entered by the Court in connection with this Agreement will be vacated. However, any payments made to the Class Administrator for services rendered to the date of termination will not be refunded to Defendant.

**15.03**   Defendant's Option to Terminate. If more than 250 class members opt out of the settlement, CytoSport has the right in its sole discretion, but not the obligation, to terminate the settlement and revert to the status quo ante.

Dec of T. Kashima
Ex. A  Page 42

## XVI.  NO ADMISSION OF LIABILITY

**16.01**   Defendant denies any liability or wrongdoing of any kind associated with the claims alleged in the Amended Complaint. Defendant has denied and continues to deny each and every material factual allegation and all claims asserted against it in the Litigation. Nothing herein will constitute an admission of wrongdoing or liability, or of the truth of any allegations in the Litigation. Nothing herein will constitute an admission by Defendant that the Litigation is properly brought on a class or representative basis, or that classes may be certified, other than for settlement purposes. To this end, the Settlement of the Litigation, the negotiation and execution of this Agreement, and all acts performed or documents executed pursuant to or in furtherance of the Settlement are not, will not be deemed to be, and may not be used as an admission or evidence of: (i) any wrongdoing or liability on the part of Defendant or of the truth of any of the allegations in the Litigation; (ii) any fault or omission on the part of Defendant in any civil, criminal, or administrative proceeding in any court, arbitration forum, administrative agency, or other tribunal; or (iii) the appropriateness of these or similar claims for class certification.

**16.02**   Pursuant to Federal Rule of Evidence Rule 408 and any similar provisions under the laws of any state, neither this Agreement nor any related documents filed or created in connection with this Agreement will be admissible in evidence in any proceeding, except as necessary to approve, interpret, or enforce this Agreement.

## XVII.  MISCELLANEOUS

**17.01**   Entire Agreement. This Agreement, the exhibits hereto, and the confidential termination provision referenced in Section 15.03 above constitute the entire agreement between the Parties. No representations, warranties, or inducements have been made to any of the Parties, other than those representations, warranties, and inducements contained in this Agreement.

**17.02**   Governing Law. This Agreement will be governed by the laws of the State of California.

**17.03**    Jurisdiction. The Court will retain continuing and exclusive jurisdiction over the Parties to this Agreement, including the Plaintiffs and all Settlement Class Members, for

Dec of T. Kashima
Ex. A  Page 43

purposes of the administration and enforcement of this Agreement.

**17.04** <u>No Construction Against Drafter</u>. This Agreement was drafted jointly by the Parties and, in construing and interpreting this Agreement, no provision of this Agreement will be construed or interpreted against any Party based upon the contention that this Agreement or a portion of it was purportedly drafted or prepared by that Party.

**17.05** <u>Resolution of Disputes</u>. The Parties will cooperate in good faith in the administration of this Settlement and use their best efforts to promptly file a Motion for Preliminary Approval with the Court and to take any other actions required to effectuate this Settlement. Any unresolved dispute regarding the administration of this Agreement will be decided by the Court or by a mediator upon agreement of the Parties.

**17.06** <u>Counterparts</u>. This Agreement may be signed in counterparts, and the separate signature pages executed by the Parties and their counsel may be combined to create a document binding on all of the Parties and together will constitute one and the same instrument.

**17.07** <u>Time Periods</u>. The time periods and dates described herein are subject to Court approval and may be modified upon order of the Court or written stipulation of the Parties.

**17.08** <u>Authority</u>. Each person executing this Settlement Agreement on behalf of any of the Parties hereto represents that such person has the authority to so execute this Agreement.

**17.09** <u>No Oral Modifications</u>. This Agreement may not be amended, modified, altered, or otherwise changed in any manner, except by a writing signed by all of the duly authorized agents of Defendant and Plaintiffs and approved by the Court. After entry of the Final Approval Order and Judgment, the Parties may by written agreement amend this Settlement Agreement and its implementing documents (including all exhibits hereto) without further notice to the Class or approval by the Court if such changes are consistent with the Court's Final Order and Final Judgment and do not materially alter, reduce, or limit the rights of Settlement Class Members.

**17.10** <u>Publicity and Confidentiality</u>. The Parties agree that they will not initiate any publicity of the Settlement, except that, after the judgment becomes final, as defined in Section

Dec of T. Kashima
Ex. A  Page 44

13.01, counsel may post the settlement on their law firm websites and submit the settlement to Michigan Lawyers Weekly, but all descriptions of the case and settlement must be accurate. Notice of the Settlement will be delivered exclusively through the notice process set forth in Section 8, above. Plaintiffs and Class Counsel, in responding to inquiries about the Litigation, shall not disparage Defendant or its products, and shall provide only accurate factual information about the Settlement.

      **17.11**  <u>Notices</u>. Unless otherwise stated herein, any notice to the Parties required or provided for under this Agreement will be in writing and may be sent by electronic mail or hand delivery, postage prepaid, as follows:

      <u>If to Class Counsel</u>:

> Jason J. Thompson
> SOMMERS SCHWARTZ P.C.
> jthompson@sommerspc.com
> One Towne Square, 17th Floor
> Southfield, MI 48076
> Telephone: (248) 355-0300
>
> Nick Suciu III
> BARBAT, MANSOUR & SUCIU PLLC
> nicksuciu@bmslawyers.com
> 1644 Bracken Rd.
> Bloomfield Hills, MI 48302
> Telephone: (313) 303-3472
>
> Trenton R. Kashima
> trk@classactionlaw.com
> FINKELSTEIN & KRINSK LLP
> 550 West C St., Suite 1760
> San Diego, California 92101
> Telephone: (619) 238-1333
> Facsimile:  (619) 238-5425

<u>If to counsel for Settling Defendant CytoSport, Inc.:</u>

Aaron D. Van Oort

aaron.vanoort@faegrebd.com
FAEGRE BAKER DANIELS
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, Minnesota 55402-3901
Telephone: (612) 766-7000

Dec of T. Kashima
Ex. A  Page 46

IN WITNESS WHEREOF, the Parties hereto have caused this Settlement Agreement to be executed, dated as of May __, 2019.

DATED: May __, 2019                    Plaintiff Chayla Clay



DATED: May __, 2019                    Plaintiff Chris Roman


_____


DATED: May __, 2019                    Plaintiff Erica Erlichman


_____


DATED: May __, 2019                    Plaintiff Logan Reichert


_____

Dec of T. Kashima
Ex. A  Page 47

IN WITNESS WHEREOF, the Parties hereto have caused this Settlement Agreement to be executed, dated as of May __, 2019.

DATED: May __, 2019         Plaintiff Chayla Clay

_____

DATED: May __, 2019         Plaintiff Chris Roman

_____

DATED: May __, 2019         Plaintiff Erica Erlichman

_____

DATED: May __, 2019         Plaintiff Logan Reichert

_____

- 25 -

IN WITNESS WHEREOF, the Parties hereto have caused this Settlement Agreement to be executed, dated as of May __, 2019.

DATED: May __, 2019                    Plaintiff Chayla Clay

_____

DATED: May __, 2019                    Plaintiff Chris Roman

_____

DATED: May /0, 2019                    Plaintiff Erica ~~Erlichman~~ Ehrlichman

_____

DATED: May __, 2019                    Plaintiff Logan Reichert

_____

- 25 -

IN WITNESS WHEREOF, the Parties hereto have caused this Settlement Agreement to be executed, dated as of May __, 2019.

DATED: May __, 2019    Plaintiff Chayla Clay

_____

DATED: May __, 2019    Plaintiff Chris Roman

_____

DATED: May __, 2019    Plaintiff Erica Erlichman

_____

05/12/2019
DATED: May __, 2019    Plaintiff Logan Reichert



Dec of T. Kashima
Ex. A  Page 50

DATED: May \_\_, 2019                         CytoSport, Inc.

By: *Megan Hurley*

Name: *Megan Hurley*

Title: *Vice President, Assistant Secretary*

- 26 -

APPROVED AS TO FORM AND CONTENT:


DATED:  May     , 2019                    FAEGRE BAKER DANIELS LLP




                                          By_____

                                              Aaron D. Van Oort

                                              Attorney for Defendant CytoSport, Inc.



DATED: May 10, 2019                       SOMMERS SCHWARTZ P.C.

                                          By_____

                                              Jason J. Thompson

                                              Attorney for Plaintiffs and Class Members



DATED: May     , 2019                     FINKELSTEIN & KRINSK LLP

                                          By_____

                                              Trenton R. Kashima

                                              Attorney for Plaintiffs and Class Members



DATED: May     , 2019                     BARBAT MANSOUR & SUCIU PLLC

                                          By_____

                                              Nick Suciu III

                                              Attorney for Plaintiffs and Class Members

Dec of T. Kashima
Ex. A  Page 52

APPROVED AS TO FORM AND CONTENT:

DATED: May __, 2019           FAEGRE BAKER DANIELS LLP

By_____

                  Aaron D. Van Oort

                  Attorney for Defendant CytoSport, Inc.

DATED: May __, 2019           SOMMERS SCHWARTZ P.C.

By_____

                  Jason J. Thompson

                  Attorney for Plaintiffs and Class Members

DATED: May 10 2019          FINKELSTEIN & KRINSK LLP

By_____

                  Trenton R. Kashima

                  Attorney for Plaintiffs and Class Members

DATED: May __, 2019           BARBAT MANSOUR & SUCIU PLLC

By_____

                  Nick Suciu III

                  Attorney for Plaintiffs and Class Members

Dec of T. Kashima
Ex. A  Page 53

APPROVED AS TO FORM AND CONTENT:

DATED: May 9, 2019

FAEGRE BAKER DANIELS LLP

By_____

Aaron D. Van Oort

Attorney for Defendant CytoSport, Inc.

DATED: May __, 2019

SOMMERS SCHWARTZ P.C.

By_____

Jason J. Thompson

Attorney for Plaintiffs and Class Members

DATED: May __, 2019

FINKELSTEIN & KRINSK LLP

By_____

Trenton R. Kashima

Attorney for Plaintiffs and Class Members

DATED: May 10, 2019

BARBAT MANSOUR & SUCIU PLLC

By_____

Nick Suciu III

Attorney for Plaintiffs and Class Members

- 27 -

# EXHIBIT A

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAYLA CLAY, ERICA EHRLICHMAN, LOGAN REICHERT, and CHRIS ROMAN, individually and on behalf of all others similarly situated,<br><br>                    Plaintiffs,<br><br>        v.<br><br>CYTOSPORT, INC., a California corporation,<br><br>                    Defendant. | CASE NO. 3-15-cv-00165-L-DHB<br><br>**ORDER (1) CONDITIONALLY CERTIFYING SETTLEMENT CLASSES, (2) PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, (3) APPROVING NOTICE PLAN, AND (4) SETTING FINAL APPROVAL HEARING**<br><br>Judge:        M. James Lorenz<br><br>Action Filed: January 23, 2015 |

Dec of T. Kashima
Ex. A  Page 56

This matter came before the Court on Class Plaintiffs' motion for preliminary approval of the proposed class action settlement of *Clay et al. v. CytoSport, Inc.*, Civ. No 3:15-cv-00165 (S.D. Cal.) (the "Litigation"). The Amended Complaint was filed in this Court by Plaintiffs Chayla Clay, Erica Erlichman, Chris Roman, and Logan Reichert on behalf of themselves and all others similarly situated against CytoSport, Inc. ("CytoSport"). Based on this Court's review of the Parties' Settlement Agreement and Release (the "Agreement" or "Settlement Agreement"), Class Plaintiffs' Motion for Preliminary Approval of Settlement, and the arguments of counsel, THE COURT HEREBY FINDS AND ORDERS AS FOLLOWS:

1. <u>Settlement Terms</u>. Unless otherwise defined herein, all terms in this Order shall have the meanings ascribed to them in the Agreement.

2. <u>Jurisdiction</u>. The Court has jurisdiction over the subject matter of the Litigation, the Parties, and all Settlement Class Members.

3. <u>Scope of Settlement</u>. The Agreement resolves all claims alleged in the Amended Complaint filed in the Southern District of California on March 15, 2017. *See Clay et al. v. CytoSport, Inc.*, Civ. No 3:15-cv-00165, Dkt. 156.

4. <u>Preliminary Approval of Proposed Settlement Agreement</u>. The Court has conducted a preliminary evaluation of the Settlement as set forth in the Agreement for fairness, adequacy, and reasonableness. Based on this preliminary evaluation, the Court finds that: (i) the Agreement is fair, reasonable, and adequate, and within the range of possible approval considering the possible damages at issue and defenses to overcome; (ii) the Agreement has been negotiated in good faith at arm's length between experienced attorneys familiar with the legal and factual issues of this case, and utilizing the assistance of a mediator; and (iii) with respect to the forms of notice of the material terms of the Agreement to Settlement Class Members for their consideration and reaction (Ex B to the Agreement), that notice is appropriate and warranted. Therefore, the Court grants preliminary approval of the Settlement.

2

Dec of T. Kashima
Ex. A  Page 57

5. <u>Class Certification for Settlement Purposes Only</u>. The Court, pursuant to Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure, conditionally certifies, for purposes of this Settlement only, the following Settlement Classes:

    (a)    A "Shake Class"

> *All persons in the United States (including its states, districts or territories) who purchased Cytosport Whey Isolate Protein Drink; Monster Milk: Protein Power Shake; Genuine Muscle Milk: Protein Nutrition Shake; and Muscle Milk Pro Series 40: Mega Protein Shake from January 23, 2011 to the date of entry of this Order. For members of the Michigan subclass only, the starting date of the class period will be January 23, 2009. Excluded from the Settlement Class are Defendant and any affiliate or subsidiary of Defendant, and any entities in which Defendant has a controlling interest, as well as all persons who validly exclude themselves from the Settlement Class.*

    (b)    a "Powder Class"

> *All persons in the United States (including its states, districts, or territories) who purchased Muscle Milk: Lean Muscle Protein Powder; Muscle Milk Light: Lean Muscle Protein Powder; Muscle Milk Naturals: Nature's Ultimate Lean Muscle Protein; Muscle Milk Gainer; High Protein Gainer Powder Drink Mix; Muscle Milk Pro Series 50: Lean Muscle Mega Protein Powder; and Monster Milk: Lean Muscle Protein Supplement that had the phrase "lean lipids," "lean protein," "lean muscle protein," or "new leaner formula" on the label from January 23, 2011 to December 31, 2018. Excluded from the Settlement Class are Defendant and any affiliate or subsidiary of Defendant, and any entities in which Defendant has a controlling interest, as well as all persons who validly exclude themselves from the Settlement Class.*

6. In connection with this conditional certification, and based on the facts outlined in the brief and declarations filed with the motion for preliminary approval, and in this Court's prior order granting certification of litigation classes (ECF No. 210), the Court makes the following preliminary findings:

    (a)    The Settlement Classes appear to be so numerous that joinder of all members is impracticable;

3

Dec of T. Kashima
Ex. A  Page 58

(b)    There appear to be questions of law or fact common to the Settlement Classes for purposes of determining whether the Settlement should be approved;

(c)    Class Plaintiffs' claims appear to be typical of the claims being resolved through the Settlement;

(d)    Class Plaintiffs appear to be capable of fairly and adequately protecting the interests of all members of the Settlement Classes in connection with the Settlement;

(e)    For purposes of determining whether the Settlement Agreement is fair, reasonable, and adequate, common questions of law and fact appear to predominate over questions affecting only individual persons in the Settlement Classes. Accordingly, the Settlement Classes appear to be sufficiently cohesive to warrant settlement by representation; and

(f)    For purposes of settlement, certification of the Settlement Classes appears to be superior to other available methods for the fair and efficient settlement of the claims of the Settlement Classes.

7.    <u>Class Representatives</u>. The Court appoints Chayla Clay, Erica Erlichman, Chris Roman, and Logan Reichert as Representatives of the Settlement Classes pursuant to Rule 23 of the Federal Rules of Civil Procedure.

8.    <u>Class Counsel</u>. The Court appoints Jason J. Thompson of Sommers Schwartz P.C., Nick Suciu III of Barbat Mansour & Suciu PLLC, and Trenton R. Kashima of Finkelstein & Krinsk LLP as Class Counsel (collectively "Class Counsel") pursuant to Rule 23 of the Federal Rules of Civil Procedure.

9.    <u>Final Approval Hearing</u>. At [time] on [date], in courtroom 5B of the United States Courthouse, 221 West Broadway, San Diego, California 92101, or at such other date and time later set by Court Order, this Court will hold a Final Approval Hearing on the fairness, adequacy, and reasonableness of the Agreement and to determine whether (i) final approval of the Settlement embodied by the

4

Dec of T. Kashima
Ex. A  Page 59

Agreement should be granted, and (ii) Class Counsel's application for attorneys' fees and expenses, and incentive awards to Class Representatives should be granted, and in what amount. No later than [date], which is at least fourteen days prior to the Claims Deadline, Exclusion Deadline, and Objection Deadline, Class Plaintiffs must file motion papers in support of Class Counsel's application for attorneys' fees and expenses and the incentive awards to the Class Representatives. No later than [date], which is at least fourteen days prior to the Final Fairness Hearing, Class Plaintiffs must file motion papers in support of final approval of the Settlement and respond to any written objections. Defendant may (but is not required to) file papers in support of final approval of the Settlement, so long as it does so no later than [date], which is fourteen (14) days prior to the Final Approval Hearing.

10. <u>Settlement Claims Administrator</u>. Pursuant to the Agreement, Angeion Group ("Angeion") is hereby appointed as Claims Administrator and shall be required to perform all the duties of the Claims Administrator as set forth in the Agreement and this Order.

11. <u>Class Notice</u>. The Court approves the proposed Notice Plan for giving notice to the Settlement Class through publication, both print and digital, and through the establishment of a Settlement Website, as more fully described in the Agreement. The Notice Plan, in form, method, and content, complies with the requirements of Rule 23 and due process, and constitutes the best notice practicable under the circumstances. The Court hereby directs the Parties and the Claims Administrator to commence all aspects of the Notice Plan no later than [date], in accordance with the terms of the Agreement.

12. The Claims Administrator will file with the Court by no later than [date], which is fourteen (14) days prior to the Final Approval Hearing, proof that Notice was provided in accordance with the Agreement and this Order, as well as proof that notice was provided to the appropriate State and federal officials pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715.

5

Dec of T. Kashima
Ex. A  Page 60

13.     <u>Objection and Exclusion Deadline</u>. Settlement Class Members who wish either to object to the Settlement or to exclude themselves from the Settlement must do so by the Objection Deadline and Exclusion Deadline of [date], both of which are seventy-five (75) calendar days after the Settlement Notice Date. The Objection Deadline and Exclusion Deadline may be extended by up to fifteen (15) calendar days, by agreement of the Parties. Settlement Class Members may not both object to and exclude themselves from the Settlement. If a Settlement Class Member submits both a Request for Exclusion and an Objection, the Request for Exclusion will be controlling.

14.     <u>Exclusion from the Settlement Class</u>. To submit a Request for Exclusion, Settlement Class Members must follow the directions in the Notice and send a compliant request to the Claims Administrator at the address designated in the Class Notice by the Exclusion Deadline. To be valid, the Request for Exclusion must (a) be made in writing; (b) contain the full name and address of the Settlement Class Member; (c) state to which Settlement Class(es) the Settlement Class Member belongs; (d) state that the Settlement Class Member wishes to be excluded from the Settlement; and (e) be signed individually by the Settlement Class Member. No Request for Exclusion will be valid unless all of the information described above is included. No Settlement Class Member, or any person acting on behalf of or in concert or participation with that Settlement Class Member, may exclude any other Settlement Class Member from the Settlement Class.

15.     If a timely and valid Request for Exclusion is made by a Settlement Class Member, then that person will not be a Settlement Class Member, and the Agreement and any determinations and judgments concerning it will not bind the excluded person.

16.     All Settlement Class Members who do not exclude themselves from the Settlement by submitting a Request for Exclusion by [date], in accordance with

Dec of T. Kashima
Ex. A  Page 61

the terms set forth in the Agreement will be bound by all determinations and judgments concerning the Agreement.

17. <u>Objections to the Settlement</u>. To object to the Settlement, Settlement Class Members must follow the directions in the Notice and file a written Objection with the Court by the Objection Deadline. In the written Objection, the Settlement Class Member must state (a) the Settlement Class Member's full name and address; (b) the class product(s) that the Settlement Class Member purchased and the date(s) of purchase; (c) the reasons for the Settlement Class Member's Objection and whether he or she intends to appear at the Fairness Hearing on his or her own behalf or through counsel; (d) evidence of his or her membership in a Settlement Class, i.e., a receipt for his or her purchase(s) or verification under oath as to the approximate date(s) and location(s) of his or her purchase(s) of the class product(s); (e) the objector's signature; and (f) the signature of the objector's counsel, if any. Any documents supporting the Objection must also be attached to the Objection. No Objection will be valid unless all of the information described above is included. Copies of all papers filed with the Court must be delivered by the objector to Class Counsel and counsel for Defendant on the same day. The Parties will have the right to depose any objector to assess whether the objector has standing.

18. If a Settlement Class Member does not submit a written Objection to the proposed Settlement or the application of Class Counsel for attorneys' fees and expenses or the incentive awards in accordance with the deadline and procedure set forth in the Notice and this Order, but the Settlement Class Member wishes to appear and be heard at the Final Approval Hearing, the Settlement Class Member must (i) file a notice of intention to appear with the Court; (ii) serve a copy upon Class Counsel and Counsel for Defendant no later than the Objection Deadline; and (iii) comply with all other requirements of the Court for such an appearance.

19. Any Settlement Class Member who fails to comply with Paragraphs 17 and 18 (and as detailed in the Notice) will not be permitted to object to the

7

Dec of T. Kashima
Ex. A  Page 62

Agreement at the Final Approval Hearing, will be foreclosed from seeking any review of the Agreement by appeal or other means, will be deemed to have waived his, her, or its objections, and will be forever barred from making any objections in the Action or any other related action or proceeding. All members of the Settlement Classes, except those members of the Settlement Classes who submit timely Requests for Exclusion, will be bound by all determinations and judgments in the Litigation, whether favorable or unfavorable to the Settlement Classes.

20.    Submission of Claims. To receive a cash award, Settlement Class Members must follow the directions in the Notice and file a claim with the Class Administrator by the Claims Deadline of [date], which is seventy-five (75) calendar days after the Settlement Notice Date. The Claims Deadline may be extended by up to fifteen (15) calendar days, by agreement of the Parties. Settlement Class Members who do not submit a claim will not receive a cash award but will be bound by the Settlement.

21.    Stay of Other Proceedings. Pending the final determination of whether the Settlement should be approved, all pre-trial proceedings and briefing schedules in the Litigation are stayed. If the Settlement is terminated or final approval does not for any reason occur, the stay will be immediately terminated.

22.    Pending the final determination of whether the Settlement should be approved, the Settlement Class Representatives and all Settlement Class Members are hereby stayed and enjoined from commencing, pursuing, maintaining, enforcing, or prosecuting, either directly or indirectly, any Released Claims in any judicial, administrative, arbitral, or other forum, against any of the Released Parties. Such injunction will remain in force until Final Approval or until such time as the Parties notify the Court that the Settlement has been terminated. Nothing herein will prevent any Settlement Class Member, or any person actually or purportedly acting on behalf of any Settlement Class Member(s), from taking any actions to stay or dismiss any Released Claim(s). This injunction is necessary to protect and

Dec of T. Kashima
Ex. A  Page 63

effectuate the Agreement, this Preliminary Approval Order, and the Court's flexibility and authority to effectuate the Agreement and to enter Judgment when appropriate, and is ordered in aid of this Court's jurisdiction and to protect its judgments. This injunction does not apply to any person who files a Request for Exclusion pursuant to Paragraphs 14 and 15 of the Order.

23.     If the Settlement is not approved or consummated for any reason whatsoever, the Settlement and all proceedings in connection with the Settlement will be without prejudice to the right of Defendant or the Class Representatives to assert any right or position that could have been asserted if the Agreement had never been reached or proposed to the Court, except insofar as the Agreement expressly provides to the contrary. In such an event, the Parties will return to the *status quo ante* in the Litigation and the certification of the Settlement Classes will be deemed vacated. The certification of the Settlement Classes for settlement purposes will not be considered as a factor in connection with any subsequent class certification issues.

24.     <u>No Admission of Liability</u>. The Agreement and any and all negotiations, documents, and discussions associated with it, will not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation, or principle of common law or equity, or of any liability or wrongdoing by Defendant, or the truth of any of the claims. Evidence relating to the Agreement will not be discoverable or used, directly or indirectly, in any way, whether in the Litigation or in any other action or proceeding, except for purposes of demonstrating, describing, implementing, or enforcing the terms and conditions of the Agreement, this Order, and the Final Order of Dismissal.

25.     <u>Reasonable Procedures to Effectuate the Settlement</u>. Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with this Order or the Agreement, including making, without further approval of the Court, minor

9

Dec of T. Kashima
Ex. A  Page 64

changes to the form or content of the Notice and Claim Form and other exhibits that they jointly agree are reasonable and necessary. The Court reserves the right to approve the Agreement with such modifications, if any, as may be agreed to by the Parties without further notice to the members of the Class.

26. <u>Schedule of Future Events</u>. Accordingly, the following are the deadlines by which certain events must occur:

| Date or Number of Days from Event | Event |
|---|---|
| TBD by Court | Entry of Preliminary Approval Order |
| 15 days from entry of Preliminary Approval Order | Deadline to Provide Class Notice |
| 61 days from issuance of Class Notice | Deadline for Class Plaintiffs' Motion for Attorneys' Fees and Incentive Awards |
| 75 days from issuance of Class Notice | Deadline for Class Members to submit Claims |
| 75 days from issuance of Class Notice | Deadline for Class Members to file Objections or submit Requests for Exclusion |
| Within 14 days of Final Fairness Hearing | Deadline for Parties to File the Following:<br>(1) List of Class Members who Made Timely and Proper Requests for Exclusion;<br>(2) Proof of Class Notice and CAFA Notice; and<br>(3) Motion and Memorandum in Support of Final Approval, including responses to any Objections. |
| TBD by Court. On the first available hearing date that is at least 120 days after entry of Preliminary Approval Order | Final Fairness Hearing |

Dec of T. Kashima
Ex. A  Page 65

SO ORDERED.


Dated:_____    _____
                                   Hon. James Lorenz
                                   United States District Court Judge

Dec of T. Kashima
Ex. A  Page 66

# EXHIBIT B

Dec of T. Kashima
Ex. A  Page 67

# If you purchased CytoSport and/or Muscle Milk Ready-To-Drink Shake Products or Muscle Milk Protein Powder Products, you could receive a cash payment as part of a class action settlement.

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

- A Proposed Settlement has been reached in a class action lawsuit. Purchasers of certain CytoSport/Muscle Milk Protein Ready-To-Drink Shake and Muscle Milk Protein Powder products have sued CytoSport, Inc. ("Defendant" or "CytoSport"), alleging that it made false and misleading statements about the protein content of the Ready-To-Drink products and allegedly misleading "Lean" and "L-Glutamine" claims on the Protein Powder products. CytoSport denies the Plaintiffs' allegations and any wrongdoing.

- The Proposed Settlement creates a $12 million settlement fund from which to pay Class Member claims and other costs and expenses related to the litigation and settlement as detailed below.

- You are a Class Member if you purchased any of the following products (the "Products") during the relevant time period:

   The Shake Class definition includes all persons in the United States (including its states, districts or territories) who purchased Defendant's:

   - *CytoSport Whey Isolate Protein Drink*
   - *Monster Milk: Protein Power Shake*
   - *Genuine Muscle Milk: Protein Nutrition Shake*
   - *Muscle Milk Pro Series 40*
   - *Mega Protein Shake*

   from January 23, 2011 to the date of entry of the Preliminary Approval Order ("Shake Class"). For individuals who purchased the products in Michigan, the starting date of the class period will be January 23, 2009.

   The Powder Class definition includes all persons in the United States (including its states, districts or territories) who purchased any of the following powder products that had the phrase "lean lipids," "lean protein," "lean muscle protein," or "new leaner formula" on the label:

   - *Muscle Milk: Lean Muscle Protein Powder*
   - *Muscle Milk Light: Lean Muscle Protein Powder*
   - *Muscle Milk Naturals: Nature's Ultimate Lean Muscle Protein*
   - *Muscle Milk Gainer*
   - *High Protein Gainer Powder Drink Mix*
   - *Lean Muscle Mega Protein Powder*
   - *Monster Milk: Lean Muscle Protein Supplement*
   - *Muscle Milk Pro Series 50*

   from January 23, 2011 to December 31, 2018 ("Powder Class").

- If you are eligible to participate in this Proposed Settlement because you purchased one or more of the Products in the United States, you can submit a claim for a cash payment from the Settlement Fund.

## Read this Notice carefully and in its entirety.

Questions? Visit www.leanproteinsettlement.com
or contact Class Counsel at _____

Dec of T. Kashima
Ex. A  Page 68

**Your rights may be affected by the Proposed Settlement of this Lawsuit, and you have a choice to make now about how to act:**

| YOUR LEGAL RIGHTS AND OPTIONS | |
|---|---|
| **WHAT IS THIS?** | A Proposed Settlement has been reached in a class action lawsuit. The lawsuit alleges that Defendant made false and misleading statements about the protein and fat content of the Products in violation of state and federal laws. Defendant denies the allegations. |
| **SUBMIT A CLAIM FORM BY _____, 2019** | **This is the only way to receive the benefit of a cash award.** By participating in the Settlement, you may be entitled to a cash payment based on the number and type of Products you purchased and the number of claims made in this Settlement. However, by submitting a claim, or failing to exclude yourself from the Settlement, you will give up any rights to sue Defendant separately about the same legal claims in this lawsuit.<br><br>You may submit an electronic Claim Form quickly and easily online at www.LeanProteinSettlement.com. Alternatively, you may print a hard copy Claim Form from that website and mail it to the Settlement Administrator at Settlement Administrator, 1650 Arch St., Suite 2210, Philadelphia, PA 19103. Hard copy claim forms must be postmarked by _____, 2019. For more detail about the claim process, please see questions 6 and 7 below. |
| **EXCLUDE YOURSELF FROM THE CLASS BY _____, 2019** | If you opt out of the Proposed Settlement, you will not be eligible to receive a cash award, but you will keep your right to sue Defendant about the same legal claims in this lawsuit. Requests for exclusion must be postmarked by _____, 2019 and mailed to: Settlement Administrator, 1650 Arch St., Suite 2210, Philadelphia, PA 19103. For more detail about excluding yourself from the class, please see questions 8, 9, and 10 below. |
| **OBJECT OR COMMENT BY _____, 2019** | You may write to the Court about why you do, or do not, like the Proposed Settlement. You must remain in the class to comment in support of or in opposition to the Proposed Settlement. Objections and comments must be filed with the Court and served on the Parties by _____, 2019. For more detail about objecting or commenting, please see questions 11 and 12 below. |
| **APPEAR IN THE LAWSUIT OR ATTEND A HEARING ON _____, 2019** | You may ask to speak in Court about the fairness of the Proposed Settlement. Written notice of your intent to appear in the Lawsuit must be filed with the Court and served on the Parties by _____, 2019. You may enter your appearance in Court through an attorney at your own expense if you so desire. For more detail about appearing in this lawsuit or attending the final hearing, please see questions 13, 14, 18, 19, and 20 below. |

Questions? Visit www.leanproteinsettlement.com
or contact Class Counsel at _____

- 2 -

Dec of T. Kashima
Ex. A  Page 69

| | |
|---|---|
| **DO NOTHING** | If you do nothing, you will receive no cash award. You also give up your right to sue Defendant on your own regarding any claims that are part of the Proposed Settlement. |

- These rights and options, **and the deadlines to exercise them**, are further explained in this Notice.

- The Court in charge of this case still has to decide whether to approve the Proposed Settlement. The cash awards will be made available if the Court approves the Proposed Settlement and after any appeals are resolved.

- If you have any questions, please read on and visit www.LeanProteinSettlement.com.

## BASIC INFORMATION

### 1. Why is notice being provided?

If you purchased one or more of the Products in the United States from January 23, 2009 through _____, 2019, as described on page 1 of this Notice, you have a right to know about a proposed settlement of a class action lawsuit and your options. If the Court approves the Proposed Settlement, and after objections and appeals are resolved, an administrator approved by the Court (the "Settlement Administrator") will oversee the distribution of the cash awards that the Proposed Settlement allows. You will be informed of the progress of the Proposed Settlement.

This Notice explains the lawsuit, the Proposed Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them. The Court in charge of the case is the United States District Court for the Southern District of California, and the case is known as *Clay et al. v. Cytosport, Inc.*, Case No. 3:15-cv-00165-L-DHB. The people who sued are called the Plaintiffs, and the company they sued, Cytosport, Inc., is called the Defendant.

### 2. What is this lawsuit about?

This lawsuit is about whether Defendant made false and misleading representations about the protein and fat contents of the Defendant's protein shakes and powders. You can read Plaintiffs' First Amended Complaint at www.LeanProteinSettlement.com.

Defendant denies any wrongdoing and denies the Plaintiffs' allegations. You can read Defendant's answer at www.LeanProteinSettlement.com. The Court has not made any ruling on Defendant's liability, if any.

### 3. What is a class action and who is involved?

Dec of T. Kashima
Ex. A Page 70

In a class action lawsuit, one or more people called "Class Representatives" (in this case, Plaintiffs Chayla Clay, Erica Ehrlichman, Logan Reichert, and Chris Roman) sue on behalf of other people who have similar claims. The people together are a "Class" or "Class Members." The named plaintiffs who sued – and all the Class Members like them – are called the Plaintiffs. The company they sued (in this case, Cytosport, Inc.) is called the Defendant. One court resolves the issues for everyone in the Class – except for those people who choose to exclude themselves from the Class.

## 4.      Why is there a Proposed Settlement?

The Court has not decided in favor of either side in the case. Defendant denies all allegations of wrongdoing or liability against it and contends that its conduct was lawful. Defendant is settling to avoid the expense, inconvenience, and inherent risk of litigation, as well as the related disruption of its business operations. Plaintiffs and their attorneys assert that the Proposed Settlement is in the best interests of the Class, because it provides an appropriate recovery now while avoiding the risk, expense, and delay of pursuing the case through trial and any appeals.

## 5.      How do I know if I am part of the Proposed Settlement?

You are a Class Member if you purchased any of the following products during the indicated time period:

> The Shake Class definition includes all persons in the United States (including its states, districts or territories) who purchased Defendant's Cytosport Whey Isolate Protein Drink; Monster Milk: Protein Power Shake; Genuine Muscle Milk: Protein Nutrition Shake; and Muscle Milk Pro Series 40: Mega Protein Shake from January 23, 2011 to the date of entry of the Preliminary Approval Order ("Shake Class"). For individuals who purchased the above products in Michigan, the starting date of the class period will be January 23, 2009.

> The Powder Class definition includes all persons in the United States (including its states, districts or territories) who purchased any of the following powder products that had the phrase "lean lipids," "lean protein," "lean muscle protein," or "new leaner formula" on the label: Muscle Milk: Lean Muscle Protein Powder; Muscle Milk Light: Lean Muscle Protein Powder; Muscle Milk Naturals: Nature's Ultimate Lean Muscle Protein; Muscle Milk Gainer; High Protein Gainer Powder Drink Mix; Muscle Milk Pro Series 50: Lean Muscle Mega Protein Powder; and Monster Milk: Lean Muscle Protein Supplement from January 23, 2011 to December 31, 2018 ("Powder Class").

The following are excluded from the Settlement Class even if they made such a purchase: (1) any Judge or Magistrate presiding over this class action and members of their families; (2) the Defendant, Defendant's subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current or former officers, directors, agents, attorneys, and employees; (3) persons who properly execute and file a timely request for exclusion from the class (as described in question 8, 9, and 10 below); and (4) the legal representatives, successors, or assigns of any such excluded persons.

More information about why the Court is allowing this lawsuit to be a class action is in the Court's Order Certifying the Settlement Class, which is available at www.LeanProteinSettlement.com.

Dec of T. Kashima
Ex. A  Page 71

# THE PROPOSED SETTLEMENT BENEFITS

Subject to Court approval, the parties have agreed to a Settlement under which Defendant will pay $12 million in cash (the "Settlement Fund").  In addition to paying Class Member claims, the $12 million Settlement Fund will be used to pay (i) attorneys' fees, (ii) litigation costs and expenses, and (iii) incentive awards to the Class Representatives.

Each class member may submit a claim, either electronically through a settlement website or by mail, for each of the Products purchased during the class period.

<u>**Cash Award Amount for Shake Settlement Class Members**</u>. Each Shake Settlement Class Member may file a claim for a cash payment based on the Shake Settlement Class Products purchased during the Shake Settlement Class Period. Shake Settlement Class Members will be entitled to submit a claim for $1 per purchased Shake Settlement Class Product. Shake Settlement Class Members without proof of purchase will be subject to a maximum claim of $25, but Shake Settlement Class Members with proof of purchase will have no cap.

<u>**Cash Award Amount for Powder Settlement Class members**</u>. Each Powder Settlement Class Member may file a claim for a cash payment based on the Powder Settlement Class Products purchased during the Powder Settlement Class Period. Powder Settlement Class Members will be entitled to submit a claim for $3 for each purchase of a product weighing 2 ¾ lbs. or less and $5 for each purchase of a product weighing more than 2 ¾ lbs. Powder Settlement Class Members without proof of purchase will be subject to a maximum claim of $25, but Powder Settlement Class Members with proof of purchase will have no cap.

<u>**The Pro Rata Adjustment**</u>.  Your recovery, and the recovery of every other claimant, will be proportionally adjusted to account for the available portion of the Settlement Fund.  Depending on the total dollar amount of all valid claims, this adjustment may increase or decrease your recovery.  For instance, if the total dollar amount of all valid claims is less than the available portion of the Settlement Fund (after payment of Plaintiffs' attorneys' fees, costs and expenses and any incentive awards), then claimant recoveries will be proportionally increased.  Similarly, if the total dollar amount of all valid claims is more than the available portion of the Settlement Fund, then claimant recoveries will be proportionally decreased.

<u>**Timing of Payments**</u>.  All payments to Settlement Class Members who submit valid Claims will be made within thirty (30) days after the Settlement Approval Order and Final Judgment become final ("Final Settlement Approval Date").  If there is an appeal of the Settlement, then this may take some time.  All Settlement Class Members who do not opt out of the Proposed Settlement and who submit a valid claim will receive a cash award as set forth above.

## HOW YOU GET A CASH PAYMENT — SUBMITTING A CLAIM FORM

Class Members who wish to receive a cash payment must submit claims.

You can quickly and easily submit a Claim online, at www.LeanProteinSettlement.com.  Read the instructions carefully and submit it online on or before XXXXX XX, 2019.

Alternatively, you may also submit a hard copy Claim Form by mailing it to the following address:

Dec of T. Kashima
Ex. A  Page 72

XXXXXX Settlement Administrator, 1650 Arch St., Suite 2210, Philadelphia, PA 19103. Your Claim must be postmarked no later than XXXXXX XX, 2019. You may access a printable Claim Form at www.LeanProteinSettlement.com.

TO BE VALID, ALL CLAIMS MUST BE POSTMARKED OR SUBMITTED ONLINE NO LATER THAN **XXXXXXX XX, 2019**.

| **8.** | **How do I get out or exclude myself from the Proposed Settlement?** |
|---|---|

To exclude yourself from the Proposed Settlement, which is sometimes call "opting-out" of the Class, you must send a letter by mail saying that you want to be excluded from this lawsuit.

To exclude yourself from the Class, you must mail a written Request for Exclusion to:

Class Action Opt-Outs
ATTN: XXXXXXX Settlement
PO BOX 58220
1500 John F Kennedy Blvd, Suite C31
Philadelphia, PA 19102

The written Request for Exclusion must be postmarked no later than _____, 2019.

Your written Request for Exclusion must contain: (1) the name of this lawsuit, Clay et al. v. Cytosport, Inc., Case No. 3:15-cv-00165-L-DHB; (2) your full name and current address; (3) a statement that the class member belongs to the Powder Class, the Shake Class, or both; (4) a clear request to be excluded from the class such as "I wish to be excluded from the Class"; and (5) your signature.

You cannot exclude yourself on the phone or by e-mail. If you ask to be excluded, you will not get any benefit from the settlement, and you cannot object to the Proposed Settlement. You will not be legally bound by anything that happens in this lawsuit. You may be able to sue (or continue to sue) Defendant in the future.

| **9.** | **If I don't exclude myself, can I sue Defendant for the same things later?** |
|---|---|

No. If you do not properly and timely submit a written Request for Exclusion, you waive your right to opt out and will be deemed to be a member of the Class. Unless you exclude yourself, you give up the right to sue Defendant for the claims that this Proposed Settlement resolves, and you will be bound by the terms of this Proposed Settlement. If you have a pending lawsuit against Defendant, other than this class action, speak to your lawyer in that lawsuit immediately. You must exclude yourself from this Class to continue your own lawsuit. Remember, any exclusion request must be signed, mailed, and postmarked by _____, 2019

| **10.** | **If I exclude myself, can I get a Cash Award from this Proposed Settlement?** |
|---|---|

No. If you exclude yourself, do not send in a claim form to ask for any money. But, you may sue, continue to sue, or be part of a different lawsuit against Defendant.

# YOUR RIGHTS AND CHOICES – OBJECTING TO THE PROPOSED SETTLEMENT

You can tell the Court that you do not agree with the Proposed Settlement or some part of it.

Dec of T. Kashima
Ex. A  Page 73

## 11.    How do I Object to the Proposed Settlement?

If you are a Class Member, you can object to the Proposed Settlement if you do not like any part of it, including the proposed plan to reimburse Class Members, Class Counsel's fee award, or the Class Representative incentive award.  You can give reasons why you think the Court should not approve it. The Court will consider your views.

To object, you must send a letter that contains the following:

- •    Your name, current address, or your lawyer's name, address and if you are objecting through counsel;

- •    The name of the lawsuit, *Clay et al. v. Cytosport, Inc*., Case No. 3:15-cv-00165-L-DHB;

- •    The class product(s) that you purchased and the date(s) of purchase;

- •    A statement of your objections and the reasons for each objection you make, including the facts supporting your objection and the legal grounds on which your objection is based;

- •    If you (or your lawyer) want to appear and speak at the Fairness Hearing, a statement that you wish to appear and speak;

- •    Documents sufficient to establish your membership in the Settlement Class, such as verification under oath as to the date(s) and location(s) of your purchase of Settlement Class Product(s), or a Proof of Purchase; and

- •    Your signature (and your lawyer's signature, if any).

To object, you must file a written objection with the Clerk of the Court for the Southern District of California ***no later than _____, 2019***.  You must also send, with a postmark date no later than _____, 2019, copies of your objection along with any supporting documents to counsel for the Class and Defendant.  Addresses for the Clerk of the Court, Class and Defendant's counsel are located on the next page.

| Clerk of Court | Designated Counsel for the Class: | Counsel for Defendant: |
|---|---|---|
| U.S. District Court<br>Southern District of California<br>333 West Broadway, Ste 420<br>San Diego, CA 92101 | Trenton R. Kashima<br>trk@classactionlaw.com<br>FINKELSTEIN & KRINSK LLP<br>550 West C St., Suite 1760<br>San Diego, California 92101<br>Telephone: (619) 238-1333<br>Facsimile: (619) 238-5425 | Aaron D. Van Oort<br>Faegre Baker Daniels LLP<br>2200 Wells Fargo Center<br>Minnesota, MN 55402-3901<br>Telephone: (612) 796-8138<br>E-Mail:<br>Aaron.Vanoort@FaegreBD.com |

If you object through a lawyer, you will have to pay for the lawyer yourself. Importantly, only Class Members who submit timely, written objections may voice their objections at the hearing. If you object to the settlement, you may be questioned by the Parties about your objection.

## 12.    How do I tell the Court that I don't like the Proposed Settlement?

Objecting is simply telling the Court you do not like something about the Proposed Settlement.  You can object only if you stay in the Class.  Excluding yourself is telling the Court you do not want to be part of the Class.  If you exclude yourself, you have no basis to object because the case no longer affects you.

Dec of T. Kashima
Ex. A  Page 74

## YOUR RIGHTS AND CHOICES – APPEARING IN THE LAWSUIT

### 13. Can I appear or speak in this lawsuit and Proposed Settlement?

As long as you do not exclude yourself, you can (but do not have to) participate and speak for yourself in this lawsuit and Proposed Settlement. This is called making an appearance. You can also have your own lawyer appear in court and speak for you, but you will have to pay for the lawyer yourself.

### 14. How can I appear in this lawsuit?

If you want yourself or your own lawyer (instead of Class Counsel) to participate or speak for you in this lawsuit, you must say in your written objection that you plan to attend and/or speak at the Fairness Hearing.

### 15. What happens if I do nothing at all?

If you do nothing, you will get no cash award from this Proposed Settlement. But, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendant about the subject matter of this lawsuit, ever again.

### 16. Do I have a lawyer in this case?

The Court has appointed Nick Suciu III of Barbat, Mansour & Suciu PLLC, Jason J. Thompson of Sommers Schwartz, P.C., and Trenton Kashima of Finkelstein & Krinsk LLP as legal counsel for the Class. Counsel for the Class are frequently referred to as "Class Counsel." You will not be charged for these lawyers.

### 17. How will the lawyers be paid?

From the inception of the litigation in January 2015 to the date of the Proposed Settlement, Class Counsel has not received any payment for their services in prosecuting the case or obtaining settlement, nor have they been reimbursed for any out-of-pocket expenses they have incurred. When they ask the Court to approve the Proposed Settlement, Class Counsel will also make a motion to the Court for an award of attorneys' fees and costs in a total amount not to exceed one-third of the Settlement Fund. No matter what the Court decides with regard to the requested attorneys' fees, costs and expenses, Class Members will never have to pay anything toward the fees, costs or expenses of Class Counsel. Class Counsel will seek final approval of the Proposed Settlement on behalf of all Class Members. You may hire your own lawyer to represent you in this case if you wish, but it will be at your own expense.

## THE COURT'S FINAL FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the Proposed Settlement. You may attend and you may ask to speak, but you do not have to attend or speak.

### 18. When and where will the Court decide whether to approve the Proposed Settlement?

The United States District Court for the Southern District of California (the "Court") will hold a hearing (the "Fairness hearing") at the Edward J. Schwartz U.S. Courthouse located at 221 West Broadway,

---

Dec of T. Kashima
Ex. A  Page 75

Courtroom 5B, San Diego, CA 92101 on _____, 2019 to decide whether the settlement is fair, reasonable, and adequate and to determine the amount of attorneys' fees, costs and expenses, and incentive fee awards. The Court may adjourn the date and time of this hearing at any time without further notice. Please check the settlement website www.LeanProteinSettlement.com or you may contact Class Counsel at _____ to confirm the date and time of the hearing. If there are objections, the Court will consider them. The Court may also discuss Class Counsel's request for an award of attorneys' fees and reimbursement of costs and expenses. After the hearing, the Court will decide whether to approve the settlement and whether to grant Class Counsel's request for attorneys' fees, costs and expenses. We do not know how long these decisions will take.

| | |
| --- | --- |
| **19.** | **Do I have to come to the hearing?** |

No. Class Counsel is working on your behalf and will answer any questions the Court may have, but, you are welcome to attend the hearing at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you mailed your written objection on time and in compliance with the requirements noted in response to Question 11 above, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary.

# FINAL SETTLEMENT APPROVAL

| | |
| --- | --- |
| **20.** | **What is the effect of final settlement approval?** |

If the Court grants final approval of the Proposed Settlement, all members of the Class will release and forever discharge any and all claims or causes of action that have been, might have been, are now, or could have been brought relating to the transactions, actions, conduct and events that are the subject of this action or settlement, arising from or related to the allegations in the complaint filed in the Action or Defendant's marketing, advertising, promoting or distributing of the Products.

If the Proposed Settlement is not approved, the case will proceed as if no settlement had been attempted. If the Proposed Settlement is not approved and litigation resumes, then there can be no assurance that the Class will recover anything.

# GETTING MORE INFORMATION

| | |
| --- | --- |
| **21.** | **Are there more details about the Proposed Settlement?** |

This Notice is only intended to provide a summary of the Proposed Settlement. You may obtain the complete text of the settlement agreement at www.LeanProteinSettlement.com, by writing to the Settlement Administrator the address in section 7 of this notice, or from the court file, which is available for your inspection during regular business hours at the Office of the Clerk of the United States District Court for the Southern District of California, located at 333 West Broadway, Suite 420, San Diego, CA 92101.

Visit the website at www.LeanProteinSettlement.com where you will find the Plaintiffs' Complaint, the Settlement Agreement and other documents related to the settlement, and a Claim Form. You may also contact Settlement Administrator by email at info@leanproteinsettlement.com or you can email Class

Dec of T. Kashima
Ex. A  Page 76

Counsel at _____.

**PLEASE DO NOT CALL OR WRITE TO THE COURT FOR INFORMATION OR ADVICE.**

DATED: _____, 2019      **BY ORDER OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

Questions?  Visit www.leanproteinsettlement.com
or contact Class Counsel at _____

- 10 -

Dec of T. Kashima
Ex. A  Page 77

# EXHIBIT C

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAYLA CLAY, ERICA EHRLICHMAN, LOGAN REICHERT, and CHRIS ROMAN, individually and on behalf of all others similarly situated,<br><br>                              Plaintiffs,<br><br>          v.<br><br>CYTOSPORT, INC., a California corporation,<br><br>                              Defendant. | CASE NO. 3-15-cv-00165-L-DHB<br><br>**FINAL ORDER OF DISMISSAL**<br><br>Judge:          M. James Lorenz<br><br>Action Filed: January 23, 2015 |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Decl. of T. Kashima
Ex. A  Page 79

The Court having held a Final Approval Hearing on [date], notice of the Final Approval Hearing having been duly given in accordance with this Court's Order (1) Conditionally Certifying a Settlement Class, (2) Preliminarily Approving Class Action Settlement, (3) Approving Notice Plan, and (4) Setting Final Approval Hearing ("Preliminary Approval Order"), and having considered all matters submitted to it at the Final Approval Hearing and otherwise, and finding no just reason for delay in entry of this Final Order and good cause appearing therefore,

It is hereby ORDERED AND DECREED as follows:

1. The Settlement Agreement dated May 10, 2019, including its exhibits (the "Settlement Agreement"), and the definitions of words and terms contained therein are incorporated by reference in this Order. The terms of this Court's Preliminary Approval Order are also incorporated by reference in this Order.

2. This Court has jurisdiction over the subject matter of the Litigation and over the Parties, including all members of the following Settlement Classes certified for settlement purposes in this Court's Preliminary Approval Order:

**The Shake Class:** All persons in the United States (including its states, districts or territories) who purchased Cytosport Whey Isolate Protein Drink; Monster Milk: Protein Power Shake; Genuine Muscle Milk: Protein Nutrition Shake; and Muscle Milk Pro Series 40: Mega Protein Shake from January 23, 2011 to the date of entry of the Preliminary Approval Order. For members of the Michigan subclass only, the starting date of the class period will be January 23, 2009. Excluded from the Settlement Class are Defendant and any affiliate or subsidiary of Defendant, and any entities in which Defendant has a controlling interest, as well as all persons who validly exclude themselves from the Settlement Class.

**The Powder Class:** All persons in the United States (including its states, districts, or territories) who purchased Muscle Milk: Lean Muscle Protein Powder; Muscle Milk Light: Lean Muscle Protein Powder; Muscle Milk Naturals: Nature's Ultimate Lean Muscle Protein; Muscle Milk Gainer; High Protein Gainer Powder

Drink Mix; Muscle Milk Pro Series 50: Lean Muscle Mega Protein Powder; and

Monster Milk: Lean Muscle Protein Supplement that had the phrase "lean lipids,"

"lean protein," "lean muscle protein," or "new leaner formula" on the label from

January 23, 2011 to December 31, 2018. Excluded from the Settlement Class are

Defendant and any affiliate or subsidiary of Defendant, and any entities in which

Defendant has a controlling interest, as well as all persons who validly exclude

themselves from the Settlement Class.

3.      The Court hereby finds that the class representatives and class counsel

have adequately represented the Settlement Classes. *See* Fed. R. Civ. P. 23(e)(2)(A).

4.      The Court hereby finds that the Settlement Agreement is the product of

arm's-length settlement negotiations between the Plaintiffs and Class Counsel, and

Defendant and its counsel. *See* Fed. R. Civ. P. 23(e)(2)(B).

5.      The Court hereby finds and concludes that Class Notice was

disseminated to the Settlement Class Members in accordance with the terms set forth

in Section 8 of the Settlement Agreement, and that Class Notice and its dissemination

were in compliance with this Court's Preliminary Approval Order.

6.      The Court further finds and concludes that the Class Notice and claims

submission procedures set forth in Section 8 and 9 of the Settlement Agreement fully

satisfy Rule 23 of the Federal Rules of Civil Procedure and the requirements of due

process, were the best notice practicable under the circumstances, provided individual

notice to all Settlement Class Members who could be identified through reasonable

effort, and support the Court's exercise of jurisdiction over the Settlement Classes as

contemplated in the Settlement Agreement and this Order. *See* Fed. R. Civ. P.

23(e)(2)(C)(ii).

7.      This Court hereby finds and concludes that the notice provided by the

Class Administrator to the appropriate State and federal officials pursuant to 28

U.S.C. § 1715 fully satisfied the requirements of that statute.

8.      A total of [number] Settlement Class Members submitted timely and proper Requests for Exclusion, as reported in the declaration of the Claims Administrator submitted to this Court. The Court hereby orders that each of the individuals listed by the Claims Administrator as having submitted a valid Request for Exclusion is excluded from the Settlement Classes. Those individuals will not be bound by the Settlement Agreement, and neither will they be entitled to any of its benefits.

9.      A total of [number] Settlement Class Members submitted timely and proper Objections to the Settlement Agreement. Having considered those Objections and the Parties' responses to them, the Court finds that none of the Objections is well founded. Plaintiffs faced serious risks both on the merits of their claims and on the ability to try this matter on a class basis. The relief provided to the Settlement Classes pursuant to the Settlement Agreement is adequate, given the costs, risks, and delay of trial and appeal, and taking into consideration the attorney's fees this Court has awarded. *See* Fed. R. Civ. P. 23(e)(2)(C)(i), (iii).

10.     The Court hereby finally approves the Settlement Agreement, the exhibits, and the Settlement contemplated thereby ("Settlement"), and finds that the terms constitute, in all respects, a fair, reasonable, and adequate settlement as to all Settlement Class Members in accordance with Rule 23 of the Federal Rules of Civil Procedure, and directs its consummation pursuant to its terms and conditions.

11.     This Court hereby dismisses, with prejudice, without costs to any party, except as expressly provided for in the Settlement Agreement, the Litigation, as defined in the Settlement Agreement.

12.     Upon Final Approval (including, without limitation, the exhaustion of any judicial review, or requests for judicial review, from this Final Order of Dismissal), the Plaintiffs and each and every one of the Settlement Class Members unconditionally, fully, and finally releases and forever discharges the Released Parties from the Released Claims. In addition, any rights of the Settlement Class

Dec. of T. Kashima
Ex. A  Page 82

representatives and each and every one of the Settlement Class Members to the protections afforded under Section 1542 of the California Civil Code and any other similar, comparable, or equivalent laws, are terminated.

13. Each and every Settlement Class Member, and any person actually or purportedly acting on behalf of any Settlement Class Member(s), is hereby permanently barred and enjoined from commencing, instituting, continuing, pursuing, maintaining, prosecuting, or enforcing any Released Claims (including, without limitation, in any individual, class or putative class, representative or other action or proceeding), directly or indirectly, in any judicial, administrative, arbitral, or other forum, against the Released Parties. This permanent bar and injunction is necessary to protect and effectuate the Settlement Agreement, this Final Order of Dismissal, and this Court's authority to effectuate the Settlement Agreement, and is ordered in aid of this Court's jurisdiction and to protect its judgments.

14. The Settlement Agreement (including, without limitation, its exhibits), and any and all negotiations, documents, and discussions associated with it, shall not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation or principle of common law or equity, of any liability or wrongdoing, by Defendant, or of the truth of any of the claims asserted by Plaintiffs in the Litigation, and evidence relating to the Settlement Agreement shall not be discoverable or used, directly or indirectly, in any way, whether in the Litigation or in any other action or proceeding, except for purposes of enforcing the terms and conditions of the Settlement Agreement, the Preliminary Approval Order, or this Order.

15. If for any reason the Settlement terminates or Final Approval does not occur, then certification of the Settlement Classes shall be deemed vacated. In such an event, the certification of the Settlement Classes for settlement purposes shall not be considered as a factor in connection with any subsequent class certification issues, and the Parties shall return to the status quo ante in the Litigation, without prejudice

Decl. of T. Kashima
Ex. A  Page 83

to the right of any of the Parties to assert any right or position that could have been asserted if the Settlement had never been reached or proposed to the Court.

16. In the event that any provision of the Settlement or this Final Order of Dismissal is asserted by Defendant as a defense in whole or in part to any Claim, or otherwise asserted (including, without limitation, as a basis for a stay) in any other suit, action, or proceeding brought by a Settlement Class Member or any person actually or purportedly acting on behalf of any Settlement Class Member(s), that suit, action or other proceeding shall be immediately stayed and enjoined until this Court or the court or tribunal in which the claim is pending has determined any issues related to such defense or assertion. Solely for purposes of such suit, action, or other proceeding, to the fullest extent they may effectively do so under applicable law, the Parties irrevocably waive and agree not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of the Court, or that the Court is, in any way, an improper venue or an inconvenient forum. These provisions are necessary to protect the Settlement Agreement, this Order and this Court's authority to effectuate the Settlement, and are ordered in aid of this Court's jurisdiction and to protect its judgment.

17. By attaching the Settlement Agreement as an exhibit and incorporating its terms herein, the Court determines that this Final Order complies in all respects with Federal Rule of Civil Procedure 65(d)(1).

18. The Court approves Class Counsel's application for $_____ in attorneys' fees and costs, and for service awards to each Settlement Class representative in the amount of $_____.

SO ORDERED.


Dated:_____          _____
                                          Hon. James Lorenz
                                          United States District Court Judge

Dec of T. Kashima
Ex. A  Page 84