# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAYLA CLAY *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> CYTOSPORT, INC., <br><br> Defendant. | Case No: 3:15-cv-00165-L- AGS <br><br> **CLASS ACTION** <br><br> **ORDER DENYING WITHOUT PREJUDICE PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

Pending before the Court in this class action alleging false advertising involving Muscle Milk protein shakes and powders is Plaintiffs' unopposed motion for preliminary approval of class action settlement. The motion is denied without prejudice for the following reasons:

1. Plaintiffs propose to amend the class definitions for settlement purposes to encompasses "all persons in the United States (including its states, districts or territories) who purchased" specified products during a certain period of time. (Doc. no. 222-7 ("Settlement") at 8.)[1] The proposed class definitions could therefore encompass purchasers other than consumers. According to the operative

---

[1] Unless otherwise noted, all page references are as assigned by the electronic case filing system.

- 1 -

1 complaint, the purpose of this action is to enforce consumer protection laws. (*See*
2 doc. no. 156.) A class action was certified on this basis, and all class
3 representatives are consumers. (*See* doc. no. 210.) However, neither the proposed
4 settlement nor the proposed notice makes a distinction between consumers, who
5 purchased the products for personal use, and other purchasers, such as wholesalers,
6 retailers, and fitness clubs, who purchased them for resale. Plaintiffs have not
7 shown that extending the class definition as proposed meets the requirements of
8 Federal Rules of Civil Procedure 23(a) and (b)(3), or that the settlement on these
9 terms would be fair, reasonable and adequate under Rule 23(e).

2. The release provision (Settlement ¶ 14) precludes a broader scope of claims than allowed by *Hesse v. Spring Corporation,* 598 F.3d 581 (9th Cir. 2010). Furthermore, without specific briefing of the legality and constitutionality of the provision, the Court is not inclined to approve a settlement enjoining the class members from "assist[ing] others" in filing claims against Defendant. (Settlement ¶ 14.04.)

3. The proposed notice program is insufficiently presented for the Court to evaluate whether its distribution and content meet the requirements of Rule 23(c)(2), (e)(1) and due process. The proposed Class Administrator, Angeion Group, proposes an advertising campaign consisting of "targeted internet banner notice," print publication notice in People Magazine and Sports Illustrated, sponsored notice on two class-action related websites (www.topclassactions.com and www.classaction.org), a dedicated settlement website for this action and a toll-free phone line. Only the proposed long-form notice, which presumably will only be posted on the dedicated settlement website, has been provided for review.

4. Specifically, the nature of the "online notice" and "targeted banner ad notice" is not adequately explained and the text of the actual notice and/or banner ads is not provided. (*See* doc. no. 222-9 ("Weisbrot Decl.") at 5, 8.) The nature

and duration of the proposed settlement promotion on Twitter and Facebook is not specified. (*See id.* at 9.) The duration and frequency of the publication notice is not specified, and the proposed one-half page notice ad is not provided. (*See id.* at 10.) The parties do not provide the listing or specify how the settlement would be promoted on www.topclassactions.com and www.classaction.org, or for how long. (*See id.*) No assurances are provided that callers to the toll-free number will be able ultimately to reach a live operator, if necessary. (*See id.* at 11.)

5. In addition to the lack of specificity, the proposed notice raises two questions. First, in the consumer class action context, notice may be posted in places frequented by class members or through third parties, for example retailers. *See Briseno v. ConAgra Foods, Inc.,* 844 F.3d 1121, 1129 (9th Cir. 2017). The proposed notice program does not include this component. While it is not required that the notice program include it, the parties should consider the cost-benefit of this notice distribution method. Second, neither Plaintiffs nor the Class Administrator explain why Sports Illustrated was selected for publication notice, but an appropriate women's' interest publication was not. In addition to the circulation numbers, the selection of publications should be justified in terms of probability of reaching the class members.

6. The proposed notice provides for claim submission by mail or online by filling out an appropriate form, which is to be included in the notice. (*See* Settlement ¶ 9.01.) On the other hand, it appears that requests for exclusion may only be submitted by mail. (*Id.* ¶ 2.26.) It also appears that the proposed notice will not include an exclusion form. (*See id.* ¶ 2.21 & Ex. B; *see also id.* Ex. B at 49, 53.) The Court is not inclined to approve a settlement where submitting a notice of exclusion is more onerous than submitting a claim.

7. The procedure for objecting to the settlement is not adequately explained to the class members and is made unduly onerous. (*See* Settlement

¶11.04, Ex. B at 54.) Federal Rule of Civil Procedure 23(e)(5) provides that "[a]ny class member may object" to the proposed settlement. Although the parties may encourage class members to provide written objections by a date certain, the Court is not inclined to prohibit a class member from objecting, if he or she did not file written objections or did not do so in a timely manner. The Court will not approve a proposed notice which restricts objections beyond what is required by Rule 23(e)(5). The proposed notice also must make clear that making an objection does not preclude a class member from submitting a claim.

For the foregoing reasons, Plaintiffs' motion for preliminary settlement approval is denied without prejudice to re-filing after curing the foregoing defects. For guidance regarding class notice, claim processing, objections, exclusions, and final settlement approval briefing, the parties may refer to *Dashnaw et al. v. New Balance Athletics, Inc.,* case no. 17cv159-L-JLB, docket entries 101, 105 and 108. Finally, with any renewed motion, Plaintiffs are requested to email to the Court's efile address editable Word versions of the proposed class notice materials, including the claim form and exclusion form.

**IT IS SO ORDERED.**

Dated: December 20, 2019

_____
Hon. M. James Lorenz
United States District Judge