1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAYLA CLAY, ERICA EHRLICHMAN, LOGAN REICHERT, and CHRIS ROMAN, individually and on behalf of all others similarly situated,<br><br>                 Plaintiffs,<br><br>v.<br><br>CYTOSPORT, INC., a California corporation,<br><br>                 Defendant. | CASE NO. 3-15-cv-00165-L-DHB<br><br>**CLASS ACTION**<br><br>**ORDER GRANTING CLASS PLAINTIFFS' RENEWED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>(Doc. no. 232) |

Pending before the Court is Class Plaintiffs' motion for preliminary approval of the proposed class action settlement of *Clay et al. v. CytoSport, Inc.*, Civ. No 3:15-cv-00165 (S.D. Cal.) (the "Litigation"). The Amended Complaint was filed in this Court by Plaintiffs Chayla Clay, Erica Erlichman, Chris Roman, and Logan Reichert on behalf of themselves and all others similarly situated against CytoSport, Inc. ("CytoSport"). Based on this Court's review of the Parties' Amended Settlement Agreement and Release (the "Agreement" or "Settlement Agreement"), Class Plaintiffs' Motion for Preliminary Approval of Settlement, and the arguments of counsel, THE COURT HEREBY FINDS AND ORDERS AS FOLLOWS:

1. <u>Settlement Terms</u>. Unless otherwise defined herein, all terms in this Order shall have the meanings ascribed to them in the Agreement.

2. <u>Jurisdiction</u>. The Court has jurisdiction over the subject matter of the Litigation, the Parties, and all Settlement Class Members.

3. <u>Scope of Settlement</u>. The Agreement resolves all claims alleged in the Amended Complaint filed in the Southern District of California on March 15, 2017. *See Clay et al. v. CytoSport, Inc.*, Civ. No 3:15-cv-00165 (doc. no. 156).

4. <u>Preliminary Approval of Proposed Settlement Agreement</u>. The Court has conducted a preliminary evaluation of the Settlement as set forth in the Agreement for fairness, adequacy, and reasonableness. Based on this preliminary evaluation, the Court finds that: (i) the Agreement is fair, reasonable, and adequate, and within the range of possible approval considering the possible damages at issue and defenses to overcome; (ii) the Agreement has been negotiated in good faith at arm's length between experienced attorneys familiar with the legal and factual issues of this case, and utilizing the assistance of a mediator; and (iii) with respect to the forms of notice of the material terms of the Agreement to Settlement Class Members (Ex. B to the Agreement), that notice is appropriate and warranted. Therefore, the Court grants preliminary approval of the Settlement.

/ / /

5. <u>Class Certification for Settlement Purposes Only</u>. The Court, pursuant to Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure, conditionally certifies, for purposes of this Settlement only, the following Settlement Classes:

   (a)   A "Shake Class"

> *All consumers in the United States (including its states, districts or territories) who purchased CytoSport Whey Isolate Protein Drink; Monster Milk: Protein Power Shake; Genuine Muscle Milk: Protein Nutrition Shake; and Muscle Milk Pro Series 40: Mega Protein Shake from January 23, 2011 to the date of entry of this Order. For members of the Michigan subclass only, the starting date of the class period will be January 23, 2009. Excluded from the Settlement Class are Defendant and any affiliate or subsidiary of Defendant, and any entities in which Defendant has a controlling interest, as well as all persons who validly exclude themselves from the Settlement Class.*

   (b)   A "Powder Class"

> *All consumers in the United States (including its states, districts, or territories) who purchased Muscle Milk: Lean Muscle Protein Powder; Muscle Milk Light: Lean Muscle Protein Powder; Muscle Milk Naturals: Nature's Ultimate Lean Muscle Protein; Muscle Milk Gainer; High Protein Gainer Powder Drink Mix; Muscle Milk Pro Series 50: Lean Muscle Mega Protein Powder; and Monster Milk: Lean Muscle Protein Supplement that had the phrase "lean lipids," "lean protein," "lean muscle protein," or "new leaner formula" on the label from January 23, 2011 to December 31, 2018. Excluded from the Settlement Class are Defendant and any affiliate or subsidiary of Defendant, and any entities in which Defendant has a controlling interest, as well as all persons who validly exclude themselves from the Settlement Class.*

6. In connection with this conditional certification, and based on the facts outlined in the brief and declarations filed with the motion for preliminary approval, in this Court's prior order granting certification of litigation classes (doc. no. 210), and in this Court's prior order denying preliminary approval of settlement (doc. no. 229), the Court makes the following preliminary findings:

(a) The Settlement Classes appear to be so numerous that joinder of all members is impracticable;

(b) There appear to be questions of law or fact common to the Settlement Classes for purposes of determining whether the Settlement should be approved;

(c) Class Plaintiffs' claims appear to be typical of the claims being resolved through the Settlement;

(d) Class Plaintiffs appear to be capable of fairly and adequately protecting the interests of all members of the Settlement Classes in connection with the Settlement;

(e) For purposes of determining whether the Settlement Agreement is fair, reasonable, and adequate, common questions of law and fact appear to predominate over questions affecting only individual persons in the Settlement Classes. Accordingly, the Settlement Classes appear to be sufficiently cohesive to warrant settlement by representation; and

(f) For purposes of settlement, certification of the Settlement Classes appears to be superior to other available methods for the fair and efficient settlement of the claims of the Settlement Classes.

7. <u>Class Representatives</u>. The Court appoints Chayla Clay, Erica Erlichman, Chris Roman, and Logan Reichert as Representatives of the Settlement Classes pursuant to Rule 23 of the Federal Rules of Civil Procedure.

8. <u>Class Counsel</u>. The Court appoints Jason J. Thompson and Trenton R. Kashima of Sommers Schwartz P.C., and Nick Suciu III of Barbat Mansour & Suciu PLLC as Class Counsel (collectively "Class Counsel") pursuant to Rule 23 of the Federal Rules of Civil Procedure.

9. <u>Final Approval Hearing</u>. At 10:30 a.m. on October 19, 2020, in courtroom 5B of the United States Courthouse, 221 West Broadway, San Diego, California 92101, or at such other date and time later set by Court Order, this Court

will hold a Final Approval Hearing on the fairness, adequacy, and reasonableness of the Agreement and to determine whether (i) final approval of the Settlement embodied by the Agreement should be granted, and (ii) Class Counsel's application for attorneys' fees and expenses, and incentive awards to Class Representatives should be granted, and in what amount. No later than September 2, 2020, Class Plaintiffs shall file their motion in support of Class Counsel's application for attorneys' fees and expenses and the incentive awards to the Class Representatives. No later than October 1, 2020, Class Plaintiffs shall file their motion in support of final approval of the Settlement and respond to any written objections. In addition to the required and customary filings, the motion papers shall include any communications received from any putative Settlement Class Member or any government official in response to notice under 28 U.S.C. § 1715. To the extent any modifications have been made to the Class Notice, the Class Counsel or the Claims Administrator must explain them in an affidavit. Defendant may (but is not required to) file a response to the Class Plaintiffs' motion in support of final approval of the Settlement no later than October 5, 2020.

10. <u>Settlement Claims Administrator</u>. Pursuant to the Agreement, Angeion Group is hereby appointed as Claims Administrator and shall be required to perform all the duties of the Claims Administrator as set forth in the Agreement and this Order.

11. <u>Class Notice</u>. The Court approves the proposed Notice Plan for giving notice to the Settlement Class through publication, both print and digital, and through the establishment of a Settlement Website, as more fully described in the Agreement and the Claims Administrator's affidavits (docs. no. 222-9, 224, 224-1, and 232-3 through 232-6). The Notice Plan, in form, method, and content, complies with the requirements of Rule 23 and due process, and constitutes the best notice practicable under the circumstances. The Court hereby directs the Parties and the

Claims Administrator to commence all aspects of the Notice Plan no later than July 3, 2020.

12. The Claims Administrator shall file with the Court no later than October 1, 2020, proof that Class Notice was provided in accordance with the Agreement and this Order, as well as proof that notice was provided to the appropriate state and federal officials pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715. In addition, the Claims Administrator shall file an affidavit with a detailed report of the reach achieved by each component of the Notice Plan, copies of the Class Notice provided pursuant to each component of the Notice Plan, the number of Settlement Class Members submitting claims, Objections or Requests for Exclusion (including any untimely or disputed claims, Objections and Requests for Exclusion), the number of Settlement Class Members to whom a payment will be made, calculation of the average payment, the Claims Administrator's itemized invoice (with an estimate to conclude settlement administration), and the amount of the invoice that is expected to be paid from the Settlement Fund.

13. <u>Objection and Exclusion Deadline</u>. Settlement Class Members who wish either to object to the Settlement or to exclude themselves from the Settlement must do so by the Objection Deadline and Exclusion Deadline of September 16, 2020. The Objection Deadline and Exclusion Deadline may be extended by up to fifteen (15) calendar days, by agreement of the Parties or order of the Court. Settlement Class Members may not both object to and exclude themselves from the Settlement. If a Settlement Class Member submits both a Request for Exclusion and an Objection, the Request for Exclusion will be controlling.

14. <u>Exclusion from the Settlement Class</u>. To submit a Request for Exclusion, Settlement Class Members must follow the directions in the Class Notice and send a compliant request to the Claims Administrator at the address designated in the Class Notice by the Exclusion Deadline. To be valid, the Request for Exclusion must (a) be made in writing and mailed or submitted online; (b) contain

the full name and address of the Settlement Class Member; (c) state that the Settlement Class Member wishes to be excluded from the Settlement; and (d) be signed individually by the Settlement Class Member. No Settlement Class Member, or any person acting on behalf of or in concert or participation with that Settlement Class Member, may exclude any other Settlement Class Member from the Settlement Class.

15. If a timely and valid Request for Exclusion is made by a Settlement Class Member, then that person will not be a Settlement Class Member, and the Agreement and any determinations and judgments concerning it will not bind the excluded person.

16. All Settlement Class Members who do not exclude themselves from the Settlement by submitting a Request for Exclusion by September 16, 2020, in accordance with the terms set forth in the Agreement will be bound by all orders and judgments concerning the Agreement.

17. <u>Objections to the Settlement</u>. To object to the Settlement, Settlement Class Members are encouraged follow the directions in the Class Notice and file a written Objection by the Objection Deadline. In the written Objection, the Settlement Class Member should state (a) the Settlement Class Member's full name and address; (b) the class product(s) that the Settlement Class Member purchased and the approximate date(s) of purchase; (c) the specific reasons for the Settlement Class Member's Objection, and whether they apply only to the objector, to a specific subset of a Settlement Class, or to an entire Settlement Class, as required by Fed. R. Civ. P. 23(e)(5)(A); (d) the objector's signature; and (e) the signature of the objector's counsel, if any. Any documents supporting the Objection should also be attached to the Objection. Upon filing of a proper motion, the Parties may have the right to depose any objector to assess whether the objector has standing.

18. If a Settlement Class Member does not submit a written Objection to the proposed Settlement or the application of Class Counsel for attorneys' fees and

expenses or the incentive awards in accordance with the deadline and procedure set forth in the Class Notice and this Order, but the Settlement Class Member wishes to appear and be heard at the Final Approval Hearing, the Settlement Class Member may do so provided the Objector satisfies the requirements of Fed. R. Civ. P. 23(e)(5)(A) at the Fairness Hearing.

19. All members of the Settlement Classes, except those members of the Settlement Classes who submit timely Requests for Exclusion, will be bound by all orders and judgments in the Litigation, whether favorable or unfavorable to the Settlement Classes.

20. <u>Submission of Claims</u>. To receive a cash award, Settlement Class Members must follow the directions in the Class Notice and file a claim with the Claims Administrator by the Claims Deadline of September 16, 2020. The Claims Deadline may be extended by up to fifteen (15) calendar days, by agreement of the Parties or order of the Court. Settlement Class Members who do not submit a claim will not receive a cash award but will be bound by the Settlement.

21. <u>Stay of Other Proceedings</u>. Pending the final determination of whether the Settlement should be approved, all pre-trial proceedings and briefing schedules in the Litigation are stayed. If the Settlement is terminated or final approval does not for any reason occur, the stay will be immediately terminated.

22. Pending the final determination of whether the Settlement should be approved, the Settlement Class Representatives and all Settlement Class Members are hereby stayed and enjoined from commencing, pursuing, maintaining, enforcing, or prosecuting, either directly or indirectly, any Released Claims in any judicial, administrative, arbitral, or other forum, against any of the Released Parties. Such injunction will remain in force until Final Approval or until such time as the Parties notify the Court that the Settlement has been terminated. Nothing herein will prevent any Settlement Class Member, or any person actually or purportedly acting on behalf of any Settlement Class Member(s), from taking any actions to stay or

dismiss any Released Claim(s). This injunction is necessary to protect and effectuate the Agreement, this Order, and the Court's flexibility and authority to effectuate the Agreement and enter Judgment when appropriate.  It is ordered in aid of this Court's jurisdiction and to protect its judgments. This injunction does not apply to any person who files a Request for Exclusion pursuant to Paragraphs 14 and 15 of this Order.

23. If the Settlement is not approved or consummated for any reason whatsoever, the Settlement and all proceedings in connection with the Settlement will be without prejudice to the right of Defendant or the Class Representatives to assert any right or position that could have been asserted if the Agreement had never been reached or proposed to the Court, except insofar as the Agreement expressly provides to the contrary. In such an event, the Parties will return to the *status quo ante* in the Litigation and the certification of the Settlement Classes will be deemed vacated. The certification of the Settlement Classes for settlement purposes will not be considered as a factor in connection with any subsequent class certification issues.

24. <u>No Admission of Liability</u>. The Agreement and any and all negotiations, documents, and discussions associated with it, will not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation, or principle of common law or equity, or of any liability or wrongdoing by Defendant, or the truth of any of the claims. Evidence relating to the Agreement will not be discoverable or used, directly or indirectly, in any way, whether in the Litigation or in any other action or proceeding, except for purposes of demonstrating, describing, implementing, or enforcing the terms and conditions of the Agreement, this Order, and the Final Order of Dismissal.

25. <u>Reasonable Actions to Effectuate the Settlement</u>. Counsel are hereby authorized to take all reasonable actions in connection with approval and administration of the Settlement as necessary to comply with this Order or the

9

Agreement, including making, without further approval of the Court, clerical changes to the form or content of the Class Notice and Claim Form and other exhibits that they jointly agree are reasonable and necessary. The Court reserves the right to approve the Agreement with modifications, if any, without further notice to the Settlement Class Members, insofar as agreed to by the Parties and not materially inconsistent with this Order.

26. <u>Schedule of Future Events</u>. Accordingly, the following are the deadlines by which certain events must occur:

| Date or Number of Days from Event | Event |
|---|---|
| | |
| July 3, 2020 | Deadline to provide Class Notice |
| September 2, 2020 | Deadline for Class Plaintiffs' Motion for Attorneys' Fees and Incentive Awards |
| September 16, 2020 | Deadline for Class Members to submit claims |
| September 16, 2020 | Deadline for Class Members to file Objections or submit Requests for Exclusion |
| October 2, 2020 | Deadline for Parties to file the following:<br>(1) list of Settlement Class Members who submitted Requests for Exclusion;<br>(2) proof of Class Notice and notice under 28 U.S.C. § 1715; and<br>(3) Motion for Final Approval, including responses to any Objections. |
| October 19, 2020 | Final Fairness Hearing |

**IT IS SO ORDERED**.

Dated: June 17, 2020

_____
Hon. M. James Lorenz
United States District Judge

Case 3:15-cv-00165-L-AGS   Document 235   Filed 06/17/20   PageID.10802   Page 11 of 11

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

11
ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT: Case No.: 3:15-cv-00165-L-DHB